# Richmond.

## COLEMAN v. COMMONWEALTH.

### MARCH 22d, 1894.

CRIMINAL PROCEEDINGS—*Presence of accused.*—It is the well established prac-
tice in this State that a prisoner accused of felony must be arraigned
and plead and appear in person in all the subsequent proceedings, and
the fact of such attendance must appear upon the record. *Bond's Case,*
83 Va., 581.

Error to judgment of circuit court of Goochland county,
rendered September 18, 1893, affirming judgment of county
court of said county, rendered June 19, 1893, whereby, in ac-
cordance with the verdict of the jury upon trial of an indict-
ment against the plaintiff in error, James Coleman, for murder
in the first degree, he was sentenced to be hanged. Opinion
states the case.

*Wm. M. Justice, Jr., R. V. Marye,* and *A. X. Monteiro,* for
plaintiff in error.

*Attorney-General R. Taylor Scott,* for commonwealth.

FAUNTLEROY, J., delivered the opinion of the court.

The record discloses that James Coleman, the plaintiff in
error, was indicted in the county court of Goochland county
on the 20th day of February, 1893, for the murder of Rober-
son Winston on the 25th day of November, 1892, in the said

county. And on the same day, to wit, at a court held for Goochland county, at the court-house of said county, on the 20th day of February, 1893, James Coleman, who was this day indicted by the grand jury for murder, was this day set to the bar in custody of the jailer of this county, and, being thereof arraigned, pleaded not guilty to the said indictment; whereupon, for reasons appearing to the court, the trial in this case is ordered to be continued until the third day of March court next, at the prisoner's costs, and the prisoner remanded to jail. And at another day, to wit, at a county court held for Goochland county, at the court-house, &c., on the 3d day of March, 1893, for reasons appearing to the court, the trial of this case is ordered to be continued until the first day of April court next, at the costs of the prisoner. And at another day, to wit, at a county court held for the said county of Goochland, at the court-house, on Monday, the 17th day of April, 1893, the prisoner, James Coleman, was set to the bar in custody of the sheriff of this county, &c.

The record in this case is fatally deficient in what the law prescribes as essentially necessary to be stated, that the prisoner was present, in person, in the county court of Goochland, on the 3d day of March, 1893, when, " for reasons appearing to the court the trial of this case is ordered to be continued until the first day of April court next, at the costs of the prisoner." In *Sperry's Case,* 9 Leigh, 624, Judge Lomax said: " In this record it is stated that on the 29th of September, 1837, the accused was led to the bar in custody of the keeper of the jail, and, thereupon, was arranged and pleaded; and on his motion the cause was continued till the first day of the next term, and thereupon he was remanded to jail. And afterwards, at a circuit court, &c., held on the 27th of April, 1838, came as well the attorney for the commonwealth, as the prisoner *by his attorney,* and thereupon came a jury, &c. An appearance by attorney cannot imply that the prisoner was personally present in court; and therefore the record is deficient in

Opinion.

what the law regards as essential to be stated in such a case. For this error, therefore, the judgment must be reversed and a *venire facias de novo* awarded. The well established practice in England and in this State is, that a prisoner accused of felony must be arraigned in person, and plead in person; and, in all subsequent proceedings, it is required that he shall appear in person." "And the fact of such attendance should appear upon the record." Chitty Cri. Law, 411, 414; see *Bond's Case*, 80 Va.; and *Shelton's Case*, 89 Va., 450; *Hooker's Case*, 13 Gratt., 763. In the record in the case at bar, it does not even appear that the prisoner was present by attorney; or that there was even a motion for the continuance of the case which was ordered by the court in the absence of the prisoner. There are other errors assigned in the petition in this case; but as the case must be remanded, for the reasons already stated, we deem it unnecessary to consider them. The judgment complained of is wholly erroneous and the same is reversed and annulled, the verdict set aside, and the case remanded for a new trial.

JUDGMENT REVERSED.