## Richmond

### BRUCE THARP

### V.

### COMMONWEALTH OF VIRGINIA

October 10, 1980.

Record No. 791535.

Present: All the Justices.

C. *Jerry Franklin* (*Hansen & Franklin,* on brief), for appellant.
*Robert E. Bradenham, II, Assistant Attorney General* (*Marshall Coleman, Attorney General,* on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

Convicted in a jury trial of rape and sodomy, defendant Bruce Tharp was sentenced in accordance with the verdict to the penitentiary for ten years and five years, respectively. The dispositive question on appeal is whether an inculpatory statement made by defendant should have been excluded from evidence because it was obtained incident to an alleged unlawful arrest.

The offenses occurred in the City of Hampton near midnight on Friday, May 4, 1979. Valid arrest warrants for defendant were issued the next day by a Hampton magistrate. The rape warrant was subsequently executed by Hampton detective Brent N. Barrett in nearby Virginia Beach about one hour after he had obtained the warrants. Accompanied by a Virginia Beach police officer and another Hampton officer, Barrett arrested defendant at about 1:00 p.m. on May 5 at defendant's home. Defendant was immediately transported to Hampton by the two Hampton officers and brought before a Hampton magistrate. The accused was not brought before a judicial officer authorized to grant bail in the City of Virginia Beach.

En route to Hampton, defendant made the statement in issue after having been advised of his rights according to *Miranda* v. *Arizona,* 384 U.S. 436 (1966). Upon arrival in Hampton one hour after the arrest, Barrett recorded in writing defendant's oral confession, which was subsequently received in evidence over defendant's objection during the June 1979 trial.

At the beginning of the trial, and after defendant had been arraigned and the jury impanelled, defendant moved to dismiss the arrest warrant as being improperly executed and to exclude the con-

fession as a fruit of the unlawful arrest. The trial court refused to decide the merits of the motion, holding it was untimely, and thus overruled it. The court relied on Rule 3A:12(c)(1) which provides, in part, that defenses and objections "based on defects in the institution of the prosecution" must be raised by motion made at least 7 days before the day fixed for trial.

Defendant argues that an invalid arrest is not a defect "in the institution of the prosecution" within the contemplation of the Rule. He contends that only objections to the written charge upon which the accused is to be tried, that is, the indictment, information, warrant or summons, should be subject to the Rule's seven-day time limitation.

Addressing the merits of the motion, defendant maintains the trial court erred in refusing to rule on the admissibility of his confession and in receiving the confession into evidence. He points out that the power of a policeman to make an arrest by virtue of his office is subject to well-recognized territorial limits. He contends that the execution of the instant warrant by a Hampton officer in the City of Virginia Beach, beyond the corporate limits of the City of Hampton plus one mile, was invalid.

Additionally, defendant argues that even if Barrett had the power to arrest him in Virginia Beach, the officer violated the following provisions of Code § 19.2-76 in effect at the time of the arrest:

> *Whenever a person is arrested upon a warrant in a county or corporation other than that in which the charge ought to be tried, the officer making the arrest shall bring the accused before a judicial officer authorized to grant bail in the county or corporation in which the accused is arrested.* Such official shall either commit the accused to the custody of an officer for transfer forthwith to the county or corporation where the charge ought to be tried, or admit the accused to bail or commit him to jail for transfer as soon as possible; and such official shall endorse on the warrant the action taken thereon. [Emphasis added.]

Defendant urges that Barrett acted unlawfully by not taking defendant before a magistrate in Virginia Beach prior to the trip back to Hampton.*

---

*By enactment effective after this case was tried, § 19.2-76 was amended to provide that whenever a person is arrested upon a warrant in a county or city contiguous to the county or city in which the charge is to be tried, the arresting officer may deliver the accused to the custody of an officer of a law-enforcement agency having jurisdiction in the county or city in which the charge is to be tried or he may bring

Summarizing, defendant contends that all incidents of the arrest were illegal and thus the arrest was unlawful and invalid. He argues that, consequently, any confession or statement made by him subsequent to the invalid arrest was subject to the exclusionary rule and inadmissible as the result of a constitutionally infirm arrest. He relies principally upon *Brown* v. *Illinois,* 422 U.S. 590 (1975) (defendant's inculpatory statements, following a warrantless arrest without probable cause, held inadmissible even though made after accused received *Miranda* warnings).

We will assume, but not decide, that defendant's motion was timely and that it was not subject to the seven-day limitation of Rule 3A:12(c)(1). Nevertheless, we reject defendant's argument on the merits of the motion and hold the confession was properly admitted in evidence.

In the first place, Barrett's conduct in placing defendant under arrest in Virginia Beach was lawful, even though the act was technically "improper" because Barrett was acting beyond his territorial jurisdiction and had no standing to arrest by virtue of his office. Barrett nonetheless retained power as a private citizen to make an arrest when, as here, the felony had actually been committed and he had reasonable grounds for believing the person arrested had committed the crime. *See Moore* v. *Oliver,* 347 F.Supp. 1313, 1316 (W.D. Va. 1972); Annot., 133 A.L.R. 608, 613-19 (1941).

In the second place, Barrett's failure to take defendant before a Virginia Beach magistrate as required by Code § 19.2-76 was a mere procedural violation of that statute which did not prejudice defendant, *see Dorchincoz* v. *Commonwealth,* 191 Va. 33, 36, 59 S.E.2d 863, 864 (1950), and which did not involve an error of constitutional dimension giving rise to an application of the exclusionary rule. Here, contrary to the situations in the cases relied on by defendant, there was no lack of probable cause to arrest; there was no coercion, the confession being freely given during the brief trip from Virginia Beach to Hampton; there was no suggestion of bad faith by the police; and there was no inordinate delay in bringing defendant

---

the accused before a judicial officer authorized to grant bail in the jurisdiction in which the accused is arrested. Acts 1979, ch. 661.

See also Rule 3A:5(a)(3) which provides:

If a person, who has been arrested in a jurisdiction other than the jurisdiction in which he is to be tried, cannot be transported forthwith to the jurisdicion in which he is to be tried, he shall be brought before a magistrate of the jurisdiction in which he was arrested who shall admit him to bail or commit him to jail.

before a proper judicial officer having authority to grant bail. The police conduct was not tantamount to a Fourth Amendment violation and it would therefore be inappropriate to invoke the exclusionary rule.

For these reasons, the judgments of conviction will be

*Affirmed.*