## CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Rudolph Rufus Blue, II

September 12, 1988

By JUDGE JOHN W. WINSTON

On August 30, 1988, evidence was presented and argument heard regarding Blue's Motion to Suppress the physical evidence (loaded sawed-off shotgun) discovered on his person during a pat-down for weapons after his arrest for using profanity in public. At the conclusion of that hearing, the Motion to Suppress was denied.

One of Blue's contentions was that the arrest made by Officer Garris was illegal because he was in civilian clothes and did not display his police badge of authority to Blue at that time. Va. Code Section 19.2-81.

There was conflicting testimony whether Officer Garris verbally identified himself as a Norfolk police officer. The credible evidence accepted by the Court is that Blue was so advised that he was dealing with a plain clothes Norfolk police officer before and at the time the arrest occurred. And Garris had a duty to make a warrantless arrest in view of the public profanity used in his presence. *Lane v. Commonwealth*, 190 Va. 58, 73 (1949).

But even though he did not make his official position known by being in uniform or displaying his badge at the time, Blue was not prejudiced by that statutory failure. He knew who he was dealing with. Further that failure was at most a procedural violation which did not involve an error of constitutional dimension giving rise to the application of the exclusionary rule. Everything done

by Officer Garris was in constitutional order. *See Tharp v. Commonwealth,* 221 Va. 487, 490 (1980).

It is noted that a similar Virginia statute (Va. Code Section 19.2-78) requires officers who must make arrests on *any public road or highway* to be in uniform at the time. But that statute specifically states in addition "Nothing in this section shall render unlawful any arrest, search or seizure by an officer who is not in such customary uniform." Certainly the public policy of Virginia is the same where the arrest is not on a public road or highway so that the arrest and search and seizure there would be legal as well.