## Richmond

ANTHONY THOMPSON

v.

COMMONWEALTH OF VIRGINIA

No. 0120-88-2

Decided March 27, 1990

COUNSEL

Larry S. Hogan, on brief, for appellant.

David A. Rosenberg, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.**—Anthony Thompson was convicted of statutory burglary and grand larceny for breaking and entering the residence of a Virginia Commonwealth University (VCU) student and stealing her books and stereo equipment. The convictions were dependent, in large measure, upon Thompson's confession, which he contends should have been suppressed because it was obtained as the result of and during the period of an illegal arrest. We disagree and affirm the convictions.

In cooperation with a VCU police investigation, a clerk in a bookstore near VCU reported to the VCU police that the same man, Anthony Thompson, who previously had sold stolen books at the store was there attempting to sell more books. Thompson vol-

untarily accompanied the VCU police officer to the station house to answer questions about the student textbooks he was attempting to sell. While there, after receiving *Miranda* warnings, he confessed to having stolen the textbooks, supposedly from a study table at the VCU library. He also confessed to an earlier petit larceny of textbooks which was under investigation. The officer determined to have a summons, rather than an arrest warrant, issued against Thompson and to release him on the petit larceny charges. The officer characterized this initiation of legal process as follows: "I. . . placed him under arrest for the previous books and I was writing a summons to let him go. . . I told him I was going to release him on the summons." While the misdemeanor summons was being prepared, the victim of the latest offense arrived, having been directed to the station house by the bookstore clerk. The victim informed the officer that the books, along with her stereo equipment, had been stolen from her residence after a break-in and not from the VCU library. The Richmond police were then brought into the investigation and Thompson confessed to the break-in and the larceny of the books and stereo. He was arrested on the felony charges, and the misdemeanor summons was destroyed.

At trial Thompson made a motion to suppress his confession as the fruit of an illegal arrest, contending that when he confessed, he had been illegally arrested without a warrant in violation of Code § 19.2-81[1] for a misdemeanor larceny not committed in the presence of the arresting officer. The trial court denied the motion to suppress, and Thompson conditionally pled guilty to the charges, reserving the right to appeal the trial court's denial of his motion to suppress. *See* Code § 19.2-254.

Central to Thompson's appeal are the contentions that the issuance of the summons for petit larceny constituted an arrest, and that an arrest in violation of state statute, although constitution-

---

[1] Code § 19.2-81 provides in pertinent part:

ARREST WITHOUT WARRANT AUTHORIZED IN CERTAIN CASES. — Members of the State Police force of the Commonwealth, the sheriffs of the various counties and cities, and their deputies, the members of any county police force, the members of any duly constituted police force of any city or town of the Commonwealth and the special policemen of the counties as provided by § 15.1-144, provided such officers are in uniform, or displaying a badge of office, may arrest, without a warrant, any person who commits any crime in the presence of such officer and any person whom he has reasonable grounds or probable cause to suspect of having committed a felony not in his presence.

ally valid, requires exclusion of the confession obtained as a result of the statutorily invalid arrest. We hold that Thompson was not seized or arrested in violation of the federal constitution's fourth amendment, and therefore, the trial court did not err in refusing to suppress Thompson's incriminating statement. Thus, we need not address the Attorney General's alternative argument, based upon *United States v. Cuyler*, 563 F.2d 627, 631 (3d Cir. 1977), that even if the arrest were initially invalid, it was cured when subsequent, and independently obtained evidence gave rise to sufficient probable cause to arrest.

Thompson contends that he was arrested when the VCU officer notified him that he was issuing a summons for larceny of the books, and that his arrest was illegal because it was for a misdemeanor, petit larceny not committed in the officer's presence. *See* Code § 19.2-81.

Assuming the issuance of a summons did constitute an arrest, which we do not hold, the arrest was proper. Larceny is a continuing offense. Therefore, even though the taking may have occurred outside the officer's presence, if the asportation of stolen goods was continuing in the officer's presence, he could arrest without a warrant for a misdemeanor committed in his presence. *See Dunlavey v. Commonwealth*, 184 Va. 521, 525-27, 35 S.E.2d 763, 765-66 (1945); *Jones v. Commonwealth*, 3 Va. App. 295, 301-02, 349 S.E.2d 414, 418 (1986). This long settled principle is based upon the proposition that legal possession of stolen goods continues in the rightful owner and that a larcenous trespass continues so long as the defendant deprives the rightful owner of possession. *Dunlavey*, 184 Va. at 527, 35 S.E.2d at 765. Because of the continuous nature of larceny, the criminal misconduct continues in every place where the goods are taken. *See Smolka v. Second Dist. Comm.*, 224 Va. 161, 165, 295 S.E.2d 267, 269 (1982). Thus, if Thompson were under arrest by virtue of the officer's issuance of a summons, it was a lawful arrest under Code § 19.2-81 for a petit larceny committed in the officer's presence.

Although the defendant does not challenge the proposition that larceny is a continuing offense, he argues that the summons and arrest were for the larceny of the first set of books, which was a completed offense, and not for larceny of the second set of books in his possession. The record does not support this argument. Although the officer did testify that he had "placed him [Thompson]

under arrest" and issued a summons for the "prior offense," the record establishes that the officer issued a summons for both the first larceny under investigation *and* the offense to which Thompson had just confessed. This conclusion is supported by the officer's testimony that when he discovered the offense was a felony rather than a misdemeanor, the summons was "torn up." The offense which led to the felony charge was the second theft under investigation. Thus, we conclude that, if Thompson were under arrest, the arrest was for the theft of books he was attempting to sell when the officer was called to the bookstore.

However, if, as the defendant contends, he was arrested without a warrant in violation of Code § 19.2-81 for a misdemeanor not continuing in the officer's presence, the confession obtained during the period of a statutorily invalid arrest is not subject to exclusion. *See Horne v. Commonwealth*, 230 Va. 512, 519, 339 S.E.2d 186, 191 (1986). Thompson's confession is admissible provided he was "legally seized and constitutionally detained even though rights provided to him by Virginia law were violated during that detention. . . . As long as he was constitutionally in custody and confessed voluntarily from a Fifth Amendment standpoint — which he did — then anything he said was subject to being used against him." *Id.* at 519, 339 S.E.2d at 191.

Although considerable academic debate continues about whether a warrant should be required for a valid arrest in nonexigent circumstances, *see* 2 W. LaFave, *Search and Seizure* § 5.1(b) (2d ed. 1987), the Supreme Court has held that the fourth amendment permits a police officer who has probable cause to make a warrantless arrest even though there was an opportunity to procure a warrant. *See United States v. Watson*, 423 U.S. 411 (1976). Thus, probable cause, not exigent circumstances, is the standard for measuring the constitutional validity of an arrest. *Id.* at 423. The federal constitution does afford those who are arrested without a warrant and subjected to pretrial restraint a prompt review by an impartial judicial officer for the purpose of ascertaining that probable cause exists for the arrest. *See Gerstein v. Pugh*, 420 U.S. 103 (1975).

The Supreme Court has never ruled on the issue whether a warrantless misdemeanor arrest is valid when the offense was not committed in an officer's presence. *See Street v. Surdyka*, 492 F.2d 368, 371-72 (4th Cir. 1974). Virginia, however, has a statu-

tory requirement that a warrant be obtained for a misdemeanor not committed in the officer's presence. *See* W. LaFave, *Search and Seizure* § 5.1(c) (2d ed. 1987). Although the states are free to impose greater protections for an arrest than those embodied in the federal constitution, by imposing such a requirement the States do not thereby also create a right of constitutional dimension. *Street*, 492 F.2d at 371 (no fourth amendment violation merely because an arrest violated a state statute prohibiting warrantless arrest for misdemeanor committed outside of officer's presence). Thus, in this case, there was no fourth amendment violation requiring the exclusion of Thompson's confession, even if he had been arrested for a misdemeanor not committed in the officer's presence.

Since Virginia has provided a more stringent statutory requirement for an officer to arrest a person for a misdemeanor not committed in the officer's presence, the issue in this case is whether an arrest in violation of the state statute requires that a confession obtained during the period of the illegal detention must be excluded from evidence. We hold that exclusion is not required.

■ While violations of state procedural statutes are viewed with disfavor, *Campbell v. Commonwealth*, 194 Va. 825, 831, 75 S.E.2d 468, 472 (1953), neither the Virginia Supreme Court nor the legislature has adopted an exclusionary rule for such violations. Although the United States Supreme Court required the exclusion of confessions in the federal courts under its administrative powers, *McNabb v. United States*, 318 U.S. 332 (1943), the Virginia Supreme Court has consistently declined to impose an exclusionary rule where no deprivation of the defendant's constitutional rights occurred. *See Horne*, 230 Va. at 519, 339 S.E.2d at 191.

In *Horne*, the Virginia Supreme Court held that a confession obtained during the period of an illegal detention in violation of Code § 19.2-76 and Rule 3A:5(a)(3) requiring that an accused be taken forthwith before a magistrate was, nonetheless, admissible in evidence. The Court refused to adopt an exclusionary rule for such a violation, finding that, although the defendant's state law rights were violated, he was nevertheless constitutionally detained. *Id.* In addition to finding no violation of the defendant's constitutional rights, the Court noted that the defendant was reasonably arrested and properly detained pursuant to two outstanding arrest

warrants. *Horne*, 230 Va. at 517, 339 S.E.2d at 190.

In *Tharp v. Commonwealth*, 221 Va. 487, 270 S.E.2d 752 (1980), where the violation of an arrest procedure statute was held to be a nonprejudicial technical violation, not involving error of constitutional dimension so as to invoke the exclusionary rule, the Court noted that probable cause existed for the arrest, that the defendant was not coerced, and that no specter of bad faith existed on the part of the police. *Id.* at 490, 270 S.E.2d at 754.

On the facts of this case, we hold that the officer had probable cause to arrest the defendant, that no deprivation of the defendant's constitutional rights occurred, and that there is no evidence of bad faith. Thus, the considerations favoring imposition of an exclusionary rule do not obtain. *See Rawlings v. Kentucky*, 448 U.S. 98 (1980) (imposition of the exclusionary rule is warranted where necessary to achieve a prophylactic result or where the officer's conduct rises to the level of conscious or flagrant misconduct). We hold that, under these circumstances, even if the defendant was arrested in violation of Code § 19.2-81, the trial court correctly refused to exclude Thompson's voluntary confession. Accordingly, we affirm the conviction.

*Affirmed.*

Barrow, J., and Keenan, J., concurred.