## CIRCUIT COURT OF STAFFORD COUNTY

Commonwealth of Virginia

    v.

Dennis James Merryman

March 20, 1991

Case No. (Crim.) 90-C-349

By JUDGE JAMES W. HALEY, JR.

This case deals with the legality of a stop and/or arrest by an off-duty police officer without her jurisdiction, and, if the same is illegal, whether that finding bars the introduction of evidence thereafter obtained which resulted in defendant's conviction of drunk driving.

On August 11, 1990, an off-duty City of Fredericksburg police officer ("the officer") was traveling at approximately 2:00 a.m. north in the passing lane on U. S. Route 17 in adjacent Stafford County, a two-lane divided highway.[1] This officer testified the defendant's car twice swerved partially into her lane from the driving lane. She fell behind the vehicle and noted the license number. The defendant's car pulled over and stopped, and she pulled up behind it.

---

[1] It is conceded that Section 19.2-77 (close pursuit), Section 19.2-81 (radio messages, etc.), Section 19.2-249 and Section 19.2-250 (boundary proximity, or Section 15.1-131 et seq. (emergencies) is here applicable.

The officer acknowledged she identified herself as an off-duty police officer and told the defendant to give her his driver's license. She smelled alcohol about the defendant's person.

The defendant and a corroborating witness testified that in addition she stated that although she was "out of her jurisdiction," he was told "to wait here until the state police arrive." The officer did not remember whether or not she made the quoted statement. Testimony varied as to whether a state trooper (the "trooper") arrived within 5, 10 or 20 minutes, but it is conceded the officer retained the defendant's driver's license until the trooper arrived.

At the time the trooper arrived, the defendant had remained behind the wheel of his automobile, which was idling. Upon the trooper's testimony, the defendant was charged with driving while intoxicated by misdemeanor indictment and convicted of that offense, in part based upon a breathalyzer certificate. The Commonwealth maintains the defendant was "stopped, not arrested" by the officer and that the officer was empowered, as is any citizen, to make a citizen's arrest.

Assuming *arguendo* that the officer was authorized to act as she did, did her actions constitute an arrest, or merely "a routine traffic stop" authorized by *Berkemer v. McCarty*, 468 U.S. 420 (1984). *See May v. Commonwealth*, 3 Va. App. 348, 349 S.E.2d 428 (1987).

The officer in this case told the defendant not to leave and kept his driver's license in her possession to insure his continuing presence. Indeed, it would have been illegal for the defendant to depart without his license. § 46.2-104. As the court in *Wass v. Commonwealth*, 5 Va. App. 27, 32, 359 S.E.2d 836, 839 (1987), stated: "Circumstances which deprive a person of his freedom to leave or freedom of action render him in custody . . . ." Accordingly, the defendant in this case was in custody and thus under arrest. *See also Johnson v. Commonwealth*, 208 Va. 740, 160 S.E.2d 793 (1968).

With respect to citizen's arrest, the court in *Hall v. Commonwealth*, --- Va. App. ---, 389 S.E.2d 921, 924 (1990), stated:

The Commonwealth argues that even if the officers exceeded their statutory authority, the arrest was, nevertheless, lawful because the officers retained the power as private citizens to place Hall under arrest. Because there is no statute governing an arrest by a private citizen, we must look to the common law. "It is well recognized at common law that a private person may arrest without a warrant in a felony case if the felony has actually been committed and he has reasonable grounds for believing that the person arrested was the one who committed it." *Moore v. Oliver*, 347 F. Supp. 1313, 1316 (W.D. Va. 1972). *See also Tharp v. Commonwealth*, 221 Va. 487, 490, 270 S.E.2d 752, 754 (1980). (Emphasis supplied).

There is no evidence whatsoever that the defendant either was suspected of or committed any felony. Accordingly, the Commonwealth's argument fails on this point.

In *Durant v. City of Suffolk*, 4 Va. App. 445, 449, 358 S.E.2d 732, 734 (1987), the court stated:

Not having been validly arrested . . . [the defendant] was not bound under the statute to submit to a breathalyzer test. As in . . . [*Thomas v. Commonwealth*, 226 Va. 251, 254 308 S.E.2d 120, 122 (1983)], his consent was therefore invalid. The result of the breathalyzer test administered to appellant should not have been admitted in evidence at his trial.

The Commonwealth relies upon *Thompson v. Commonwealth*, 10 Va. App. 117, 122, 390 S.E.2d 198, 201 (1990), where the court stated:

While violations of state procedural statutes are viewed with disfavor, *Campbell v. Commonwealth*, 194 Va. 825, 831, 75 S.E.2d 468, 472 (1953), neither the Virginia Supreme Court nor the legislature has adopted an exclusionary rule for such violations . . . the Virginia Supreme Court has consistently declined to impose

an exclusionary rule where no deprivation of the defendant's constitutional rights occurred.

*See also, Horne v. Commonwealth*, 230 Va. 512, 519, 339 S.E.2d 186, 191 (1986). But in *Horne*, the defendant "was legally seized and detained . . ." and in *Thompson* "the arrest was proper . . . ."

That is not the case in the instant proceeding, and the charge is dismissed.