## CIRCUIT COURT OF FAIRFAX COUNTY

Charles Schoeneman

    v.

Fairfax County
and Michael E. Garbarino

February 9, 1995

Case No. (Law) 129085

BY JUDGE ARTHUR B. VIEREGG, JR.

This cause came to be heard on the defendants' motion for summary judgment; and on the plaintiff's motion to amend his motion for judgment to include a claim that his First Amendment rights were violated as an additional basis for his claims of liability against the defendants pursuant to Chapter 42 of the United States Code, § 1983 ("Section 1983 claim"). Both motions were taken under advisement following argument. The motion to amend was granted, and the trial date was continued. The Court is now prepared to rule on the motion for summary judgment as to the amended motion for judgment.

## I. *Factual Background*

On December 31, 1992, at approximately 6:30 p.m., the plaintiff, Charles Schoeneman, was walking along Chain Bridge Road in Fairfax, Virginia. Fairfax County Police Officer Michael E. Garbarino stopped Schoeneman and told him that he wanted to search and question him because he matched the description of a robbery suspect. Garbarino searched Schoeneman. At some point during the search, Garbarino shoved Schoeneman against the trunk of the police car. Schoeneman had difficulty understanding Garbarino's requests, so Garbarino frequently had to repeat himself. During the search, Schoeneman stated that he was on his way home, having just arrived by bus from the District of Columbia after having a drink with a friend. He further stated that the bus driver could corroborate his story.

When Garbarino persisted in questioning him, Schoeneman declared that he was an attorney and that he wanted to see Garbarino's supervisor. Garbarino summoned his supervisor using a hand-held radio in his police cruiser and informed Schoeneman that the supervisor was on her way. He then asked Schoeneman for identification; Schoeneman produced a passport. The following exchange of vulgar language then transpired. Schoeneman accused Garbarino of acting like a "consummate asshole." Garbarino said, "You're calling me a consummate asshole; I'll show you who's the consummate asshole. You're under arrest."

Garbarino then tried to handcuff Schoeneman, who resisted cuffing. Garbarino persisted, cuffed Schoeneman, and placed him in the back of his police cruiser. His supervisor, Sergeant Pam Minnick, arrived shortly thereafter. After speaking with Schoeneman, she instructed Garbarino to take him to the Fairfax County Adult Detention Center. The magistrate at the Center issued a warrant for Schoeneman's arrest for drunk in public.

## II. *Procedural Background*

At a March 4, 1993, trial against Schoeneman for the offense of drunk in public, the Fairfax County General District Court dismissed the charge for lack of evidence.

On May 5, 1993, Schoeneman filed suit in the Fairfax County Circuit Court, seeking compensatory and punitive damages against Garbarino. That action was nonsuited on November 12, 1993.

On January 5, 1994, Schoeneman filed an eight-count motion for judgment in the Fairfax County Circuit Court, seeking compensatory and punitive damages against Garbarino, Fairfax County, and the Fairfax County

Police Department. (The Police Department was dismissed as a defendant by this Court's order dated March 22, 1994.) Count 1 of the Amended Motion for Judgment alleges that Garbarino violated Section 1983 of Chapter 42 of the U.S. Code by depriving Schoeneman of his right to privacy, his right to be free of false arrest and imprisonment, his right to be free of malicious prosecution, and his right to free speech. Count 2 alleges that Garbarino committed assault and battery; Count 3 that he falsely arrested and imprisoned Schoeneman; and Count 4 that he maliciously prosecuted Schoeneman by knowingly bringing a false charge against him. Count 7 alleges that the County violated Section 1983 by its failure to adequately train Garbarino to determine probable cause prior to arrest, which failure resulted in Schoeneman's wrongful arrest. Count 8 alleges that the County also violated Section 1983 by failing to train Garbarino to perform field sobriety tests prior to making drunk in public arrests. Schoeneman voluntarily dismissed the abuse of process and intentional infliction of emotional distress counts contained in his original motion for judgment. As amended, therefore, the motion for judgment alleges Section 1983 liability, assault and battery, false arrest and imprisonment, and malicious prosecution.

The defendants move for summary judgment on the ground that Schoeneman cannot establish essential elements of any of his claims.

### III. *Decision*

The Rules of the Supreme Court of Virginia provide for summary judgment in cases which can be resolved without trial. "Summary judgment is a drastic remedy which is available only where there is no material fact genuinely in dispute . . . . It applies only to cases in which no trial is necessary because no evidence could affect the result." *Shevel's, Inc. v. Southeastern Assoc.*, 228 Va. 175, 181, 320 S.E.2d 339 (1984). Thus, if material facts may be developed at trial which will affect the outcome of the case, summary judgment should not be granted.

### A. *The Section 1983 Claims Against Fairfax County*

Schoeneman alleges that the County is liable under Section 1983 because Garbarino's actions, and Schoeneman's resulting injury, were caused by the County's failure to instruct and train Garbarino to make probable cause determinations in drunk in public cases by the performance of field sobriety tests.

A municipality cannot be held liable under Section 1983 on a respondeat superior theory. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). In order for Section 1983 liability to attach, a plaintiff must show that the government policy at issue was an affirmative cause of the injury. *Id.* at 694. The United States Supreme Court has further held that where, as here, a failure to train is alleged, the plaintiff must demonstrate that the deficient training was so obvious, and its omission so likely to result in the violation of individual rights, that it is tantamount to the municipality's deliberate indifference to the likelihood of the injury. *Canton v. Harris*, 489 U.S. 378 (1989). Without this showing of deliberate indifference, no Section 1983 liability for a failure to train can successfully be asserted. *Id.* at 389.

The County refers this court to case law in which drunk in public arrests have been upheld despite the lack of field sobriety tests prior to the arrests. *See, e.g., Baldwin v. Commonwealth*, 243 Va. 191, 413 S.E.2d 645 (1992) (probable cause to arrest existed when person had problems with balance, smelled of alcohol, and his face was flushed, but his words were not slurred and field tests were not performed); *Fierst v. Commonwealth*, 210 Va. 757, 173 S.E.2d 807 (1970) (probable cause existed based on person's slurred speech, fumbling with papers, failure to produce license as requested, general appearance, and position "slumped" in car, despite fact that he "was not extensively tested or questioned").

Because the Supreme Court of the Commonwealth has sanctioned arrests for drunk in public in the absence of field testing, the plaintiff's deliberate indifference argument is not plausible. Accordingly, summary judgment is granted in favor of the County as to Counts 7 and 8.

## B. *The Section 1983 Claims Against Garbarino*

Schoeneman alleges that Garbarino violated his constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments, while acting under color of law.

Garbarino moves for summary judgment, contending he is entitled to qualified immunity. Police officers may enjoy qualified immunity against Section 1983 suits. *Davis v. Scherer*, 468 U.S. 183 (1984). This immunity attaches if the officer's conduct did not, objectively, "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Therefore, Garbarino's actions in arresting Schoeneman are shielded by qualified immunity unless a reason-

able person would have known that those actions would violate clearly established rights.

What a reasonable person — or a reasonable police officer — would know violates constitutional rights to a great degree depends on existing law. Garbarino argues that a reasonable officer in his position would have believed that probable cause existed to arrest Schoeneman, even if that decision was mistaken. Schoeneman contends that the existence of genuine issues of fact bearing on the reasonableness of Garbarino's conduct makes summary judgment inappropriate.

Probable cause must exist for all arrests, including those for drunk in public. *See Thompson v. Commonwealth*, 10 Va. App. 117, 121, 390 S.E.2d 198 (1990) (*citing United States v. Watson*, 423 U.S. 411, 423 (1976)). As indicated above, however, field testing is not necessary to make a probable cause determination in drunk in public cases. Schoeneman admitted that he had been drinking; Garbarino could smell alcohol on his breath; Schoeneman had difficulty understanding Garbarino's requests, despite repetition; Schoeneman had referred to a law enforcement officer, in the officer's presence, by use of vulgar language; and the incident occurred in a public place. Garbarino argues that these circumstances were sufficient to create a reasonable belief that Schoeneman was drunk in public. Since these circumstances objectively make out a plausible case of public drunkenness, a reasonable police officer, including Garbarino, would have reason to conclude that an arrest of Schoeneman was proper.

Despite the fact that an objective basis otherwise existed for his arrest, Schoeneman contends that the timing of his arrest, occurring as it did immediately after he referred to Garbarino with vulgarity, demonstrates that Garbarino was improperly motivated in making the arrest. He essentially argues that even if probable cause existed, he is entitled to have a jury make the determination whether Garbarino was properly motivated or not. However, the validity of an arrest is not based on an officer's subjective reasons for making the arrest, but rather on whether objective reasons for the arrest exist. *Limonja v. Commonwealth*, 7 Va. App. 416, 375 S.E.2d 12 (1988). As discussed *infra*, moreover, Schoeneman's use of vulgarity to refer to a police officer — in combination with the other facts surrounding his arrest — is an objective fact demonstrating that probable cause existed for his arrest. Because the objective facts serve to demonstrate the reasonableness of a probable cause determination, Garbarino's actions in making the arrest are shielded.

Based upon the undisputed facts of this case, for the foregoing reasons I find that Garbarino enjoys immunity from the Section 1983 liability alleged by Schoeneman. Accordingly, summary judgment is granted as to this count against Garbarino.

## C. *The Intentional Tort Claims Against Garbarino*

Schoeneman also alleges in additional counts that Garbarino committed assault and battery by intentionally applying unlawful physical force to his person; that Garbarino committed false arrest and imprisonment by arresting and jailing him without probable cause; and that Garbarino committed malicious prosecution by knowingly bringing a false charge against him. Garbarino has two bases on which he moves for summary judgment: that he receives qualified immunity because he had a reasonable good faith belief that probable cause existed; and that probable cause actually existed so that the suit cannot go forward because no facts could change the result.

With respect to these causes of action alleging intentional torts, Garbarino does not enjoy qualified immunity. Government officials may be held liable for intentional torts. *Elder v. Holland*, 208 Va. 15, 155 S.E.2d 369 (1967). Therefore, summary judgment on qualified immunity grounds is inappropriate.

The common element of each of the intentional torts alleged by Schoeneman is the allegation that his arrest was without probable cause. Probable cause for the arrest precludes a finding that Garbarino committed the alleged torts. *See Davidson v. Allam*, 143 Va. 367, 130 S.E.2d 245 (1925) (officers are judges of the force necessary to enable them to make arrests); *Yeatts v. Minton*, 211 Va. 402, 177 S.E.2d 646 (1970) (person cannot be falsely imprisoned pursuant to a lawful arrest); *Pallas v. Zaharopoulos*, 219 Va. 751, 250 S.E.2d 357 (1979) (probable cause is a complete defense to action for malicious prosecution). This issue, however, is one which is dependent upon facts which must be adduced by the evidence at trial. Although objective facts exist which suggest that Garbarino had probable cause to arrest Schoeneman, additional facts might persuade a jury that probable cause for Schoeneman's arrest did not exist. These include Schoeneman's neat dress, unslurred speech and unbloodshot eyes. The motion for summary judgment is accordingly denied as to these three counts against Garbarino.