COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Humphreys
Argued at Richmond, Virginia


JASON D. HAILEY, s/k/a
 JASON DUANE HAILEY
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0627-99-3        JUDGE ROBERT J. HUMPHREYS
                                       AUGUST 15, 2000
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                      Charles J. Strauss, Judge

            David W. Shreve for appellant.

            Amy L. Marshall, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     Jason D. Hailey, appellant, appeals from his convictions for

driving a motor vehicle on a suspended license and driving under

the influence of alcohol, second offense.  On appeal, he contends

the trial court erred in denying his motion to dismiss that was

argued "on the basis that the detention and subsequent seizure of

the Defendant and his arrest were unlawful."  In his brief,

appellant questions whether the police officer had "an objectively

reasonable particularized suspicion that [he] was engaged in or

had recently been engaged in criminal activity."

---

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Appellant failed to make any constitutional arguments in the trial court. Therefore, we affirm his convictions.

FACTS

At 2:45 p.m., on October 19, 1998, Officer B.K. Dudley "heard "a vehicle engine 'rev' and tires squeal" and "saw a light gray and white older model Chevrolet pickup truck with a camper shell on the back slide onto Pocket Road from an adjacent parking lot and head away from Main Street."[1]  Dudley tried "to pursue" the vehicle, but was unable to locate it. He could not identify the driver or the license plate.

Dudley returned to the police department. "Before or at 3:00 p.m.," a "lady came to the Police Department" and told Dudley that she had seen a pickup truck speeding on Pocket Road. The lady "named the two occupants of the vehicle." Although Dudley "was familiar with" the lady, she "did not want her identity . . . revealed," so Dudley refused to identify her by name.

After the lady left, Dudley "saw the same truck he had seen earlier and about which the unidentified lady had told him on Pocket Road." Dudley followed the vehicle. Although he saw the driver commit no traffic infractions, Dudley stopped the vehicle. Appellant "was the driver." The summons indicated an arrest time of 4:45 p.m.

---

[1] The record does not contain a transcript of the hearing or trial, therefore we rely on the recitation of facts from the written statement of facts signed by the trial judge.

-

PROCEDURAL BACKGROUND

On January 14, 1999, appellant filed a motion to dismiss on the ground that "Dudley's actions in detaining [him] were occasioned by a complaint made sometime earlier in the day by a citizen of the community."  In the motion, appellant argued that the charges

> be dismissed inasmuch as, he was arrested
> without a warrant and the arresting Officer
> did not have personal knowledge acquired by
> his personal sense that the offense was
> committed in his presence inasmuch as, there
> was no offense committed with the presence
> of the Officer when he had direct personal
> knowledge, through his sight, hearing or
> other senses that it was then and there
> being committed.

By order dated February 18, 1999, the trial court denied the motion to dismiss.  The order contains no explanation or reason for the trial court's decision.  The statement of facts does not recite that appellant asserted a constitutional claim at trial.

DISCUSSION

The Court of Appeals will not consider arguments on appeal which were not presented to the trial court.  See Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991) (citing Rule 5A:18).  The purpose of the rule is "to give the trial court an opportunity to rule intelligently."  Marshall v. Goughnour, 221 Va. 265, 269, 269 S.E.2d 801, 804 (1980).

Appellant's argument in his motion to dismiss is based solely on a statutory violation of Code § 19.2-81.  In that motion,

-

appellant suggested that the stop was based solely on the speeding violation and that the officer did not see appellant speed. However, a violation of Code § 19.2-81 does not require the exclusion of evidence absent a constitutional violation.  See Vinson v. Commonwealth, 258 Va. 459, 469, 522 S.E.2d 170, 177 (1999) (even if there was violation of Code § 19.2-81, suppression not required absent constitutional violation); Thompson v. Commonwealth, 10 Va. App. 117, 121, 390 S.E.2d 198, 200-01 (1990) (confession obtained during period of statutorily invalid arrest not subject to exclusion when accused constitutionally in custody and confessed voluntarily).

On appeal, appellant contends the stop violated the Fourth Amendment; however, nothing in the record indicates that appellant ever made a constitutional argument to the trial court. Therefore, Rule 5A:18 bars our review of that issue.  See Cottrell v. Commonwealth, 12 Va. App. 570, 574, 405 S.E.2d 438, 441 (1991) (Rule 5A:18 barred consideration of constitutional question not raised in trial court); cf. Jacques, 12 Va. App. at 593, 405 S.E.2d at 631 (refusing to address statutory violation where motion to suppress was based solely on constitutional grounds). Because the record fails to show that appellant made a constitutional argument to the trial court, we will not consider this issue for the first time on appeal.  See Rule 5A:18.

-

Accordingly, we affirm the trial court.

Affirmed.