## COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Chief Judge Felton, Judge Kelsey and Senior Judge Bumgardner
Argued at Richmond, Virginia


PIERCE ABBOTT FORD

                                                  MEMORANDUM OPINION[*] BY
v.        Record No. 1629-12-2              CHIEF JUDGE WALTER S. FELTON, JR.
                                                         DECEMBER 10, 2013
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                            Bradley B. Cavedo, Judge

           Lawrence A. Drombetta, III (Charles C. Cosby, Jr., on brief), for
           appellant.

           Kathleen B. Martin, Senior Assistant Attorney General (Kenneth T.
           Cuccinelli, II, Attorney General, on brief), for appellee.


        Pierce Abbott Ford ("appellant"), was convicted in a bench trial before the Circuit Court for

the City of Richmond ("trial court") for driving while intoxicated, in violation of Code § 18.2-266.

On appeal, he contends the trial court erred in denying his motion to suppress certain evidence

presented at trial.  Specifically, he asserts that the arresting officer was not within the jurisdiction of

the Virginia Commonwealth University Police Department at the place of appellant's arrest, that his

arrest was therefore unlawful, that the arresting officer was without authority to administer the field

sobriety tests and the alcohol breathalyzer test, and that the results of the field sobriety tests and the

alcohol breathalyzer test certificate should have been suppressed at trial.  For the following reasons,

we affirm appellant's conviction.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

"[W]e consider the facts in the light most favorable to the Commonwealth, the prevailing party at trial." Malbrough v. Commonwealth, 275 Va. 163, 168, 655 S.E.2d 1, 3 (2008).

Shortly after 12:00 a.m. on October 10, 2011, Officer Joel Jeffress of the Virginia Commonwealth University ("VCU") Police Department observed appellant's SUV make a right turn from Lombardy Street "onto West Grace Street at a high rate of speed."[1] He observed appellant's SUV "lean to the left" as it made the turn onto West Grace Street. The SUV "continued to accelerate" as it traveled westbound on West Grace Street. The posted speed limit for the area was 25 miles per hour. Even though Officer Jeffress's vehicle reached speeds in excess of 45 miles per hour, he was unable to catch up to appellant's SUV. Appellant briefly stopped at the stop sign at the intersection of West Grace Street and Allen Avenue before proceeding down West Grace Street. Officer Jeffress then activated his "emergency equipment," after which appellant stopped his SUV.

When Officer Jeffress "approached [appellant's SUV], [he] did immediately notice the strong smell of alcohol coming from the [SUV]." Appellant admitted he had been drinking earlier at a bar. Officer Jeffress conducted several field sobriety tests after appellant got out of his SUV. Appellant did not perform the tests satisfactorily. Officer Jeffress placed appellant into custody and advised him of his Miranda[2] rights and the implied consent law. He then transported appellant to the magistrate's office where he administered an alcohol breathalyzer test, which showed appellant's blood alcohol content was 0.10 grams per 210 liters of breath.

---

[1] Officer Jeffress was on Grace Street "facing westbound at the intersection of Lombardy and Grace."

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

Appellant was charged with driving while intoxicated, in violation of Code § 18.2-266, and reckless driving by speed, in violation of Code § 46.2-852.[3]

At trial, appellant moved to suppress the results of the field sobriety tests and the alcohol breathalyzer test obtained by Officer Jeffress at the time of appellant's arrest. Appellant asserted that Officer Jeffress's authority as a VCU police officer did not extend past the intersection of Lombardy Street and West Grace Street. He argued that because Officer Jeffress was outside of his VCU jurisdiction and was not in close pursuit when he stopped appellant, he was not authorized to arrest him. Appellant also contended that while Officer Jeffress may have lawfully made a citizen's arrest, see Tharp v. Commonwealth, 221 Va. 487, 490, 270 S.E.2d 752, 754 (1980), he unlawfully acted in conducting the field sobriety tests and the breath test as a police officer. The trial court ruled Officer Jeffress had acted within the authority granted to him under Code § 23-234 (authorizing campus police officers to "exercise the powers and duties conferred by law upon police officers . . . upon any property owned or controlled" by the college or university).[4] The trial court denied the suppression motion stating:

> But I think what he observed at that intersection and then
> following the vehicle as a result of what he observed down that
> block, which is adjacent to a piece of VCU property, reasonably

---

[3] Appellant's reckless driving by speed charge is not before this Court on appeal.

[4] By order dated December 14, 1999, the VCU Police Department was granted concurrent jurisdiction with the Richmond City Police Department of the following area:

> bounded by the westernmost side of Lombardy Street and Stuart
> Circle Street to the West; the northernmost side of Moore Street to
> the North; the easternmost side of Belvidere Street from Moore
> Street south to the northernmost side of Broad Street, the
> northernmost side of Broad Street to the easternmost side of
> Madison Street and the easternmost side of Madison Street from
> Broad Street to the the [sic] Richmond Metropolitan Authority
> Expressway, collectively, to the East; and the northernmost side of
> the Richmond Metropolitan Authority Expressway to the South
> . . . .

makes that block between Stuart Circle/Lombardy, because it has both names at the Grace Street intersection, and Allen Avenue, that's an adjacent street pursuant to the [C]ode section.

* * * * * * *

. . . I think construing it as I have is construing it strictly. I'm not saying the jurisdiction covers all of Grace Street. I'm saying it covers at least for purposes of this case that block which is adjacent to VCU property.

## II. ANALYSIS

On appeal of a trial court's ruling on a motion to suppress evidence, "'the burden is upon [the defendant] to show that the ruling, when the evidence is considered most favorably to the Commonwealth, constituted reversible error.'" McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (*en banc*) (alteration in original) (quoting Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731, cert. denied, 449 U.S. 1017 (1980)).

Appellant asserts on appeal that the trial court erred in denying his motion to suppress the results of the field sobriety tests and the field breathalyzer test because Officer Jeffress was outside of his territorial jurisdiction as a VCU police officer. Appellant contends that the evidence should have been suppressed because Officer Jeffress was acting "under color of office" outside of his territorial authority.

In Hudson v. Commonwealth, 266 Va. 371, 585 S.E.2d 583 (2003), the Supreme Court described "under color of office" as "'prohibit[ing] a law enforcement officer from using the indicia of his or her official position to collect evidence that a private citizen would be unable [to] gather.'" 266 Va. at 377, 585 S.E.2d at 586 (second alteration in original) (quoting State v. Gustke, 516 S.E.2d 283, 293 (W. Va. 1999)).

> "[T]he language of the case law indicates that the 'under color of office' doctrine limits the power to arrest. But this doctrine does not prevent officers from making an otherwise valid citizen's arrest just because they happen to be in uniform or otherwise clothed with the indicia of their position when making the arrest. When officers

- 4 -

outside their jurisdiction have sufficient grounds to make a valid citizen's arrest, the law should not require them to discard the indicia of their position before chasing and arresting a fleeing felon. Any suggestion that officers could not make a valid citizen's arrest merely because they happened to be in uniform or happened to be in a police car at the time they inadvertently witnessed a [crime] outside their jurisdiction would be ridiculous."

Wilson v. Commonwealth, 45 Va. App. 193, 203, 609 S.E.2d 612, 617 (2005) (quoting Gustke, 516 S.E.2d at 293 (citations omitted)).[5] Moreover,

"[c]ontrary to appellant's assertions, Hudson does not require the suppression of *any* evidence obtained by a police officer effecting a citizen's arrest. At most, it supports the suppression of 'evidence that a private citizen would be unable [to] gather' if the method the officer used to gather that evidence *amounted to a constitutional violation*."

Id. at 204, 609 S.E.2d at 617 (alteration in original) (second emphasis added) (quoting Gustke, 516 S.E.2d at 293) (internal quotation marks omitted).

Appellant does not contend that the evidence should have been suppressed because it was inaccurate or unreliable. Nor does he claim that the evidence was gathered in violation of the Fourth Amendment. He contends only that Officer Jeffress had no right to administer the field sobriety tests or the alcohol breathalyzer test because he stopped appellant outside of the VCU police department's jurisdictional boundaries.

The exclusionary rule applies only to constitutional violations, not to alleged violations of state arrest laws. Virginia v. Moore, 553 U.S. 164, 178 (2008). "Absent an infirmity of constitutional dimensions, the 'mere violation of state statutory law does not require that the

---

[5] Appellant further contends that the evidence should have been suppressed under the judicially created suppression remedy promulgated in Durant v. City of Suffolk, 4 Va. App. 445, 358 S.E.2d 732 (1987). Contrary to appellant's assertion, the Durant remedy does not apply to this case. In Durant, the arrest was held to be unlawful because the defendant was arrested without a warrant for a misdemeanor not committed in the arresting officer's presence. Here, Officer Jeffress had the power to make a citizen's arrest under the common law after witnessing appellant's reckless driving, the strong smell of alcohol that emanated from appellant, and appellant's own admission that he had been drinking earlier at a bar.

offending evidence be suppressed, unless the statute expressly provides for an evidentiary exclusion remedy.'" Cutright v. Commonwealth, 43 Va. App. 593, 600, 601 S.E.2d 1, 4 (2004) (quoting Seaton v. Commonwealth, 42 Va. App. 739, 757 n.7, 595 S.E.2d 9, 17 n.7 (2004)).

The driving while intoxicated statute, Code § 18.2-266, does not "provide for a suppression remedy for procedural violations." Id. As this Court stated in Cutright,

> Instead, Code § 18.2-268.11 [(requiring substantial compliance with statutes governing blood and breath test procedures)] states that a violation of the procedural steps of Code §§ 18.2-268.2 through 18.2-268.9 "shall go to the weight of the evidence and shall be considered with all the evidence in the case." The same provision also makes clear that the defendant may "introduce evidence on his own behalf to show noncompliance with the aforesaid procedures or any part thereof, and that as a result his rights were prejudiced." Code § 18.2-268.11. By statute, therefore, the legislative remedy for a procedural violation is not suppression of the evidence, but a full and fair opportunity for both sides to attempt to prove or disprove any prejudicial effect of the violation.

Id. at 600-01, 601 S.E.2d at 4 (citations and footnote omitted).

From our review of the record on appeal, the trial court did not err in refusing to suppress the evidence of the results of the field sobriety tests and the alcohol breathalyzer test conducted at the time appellant was stopped by Officer Jeffress who observed appellant's reckless conduct.

### III. CONCLUSION

Accordingly, for the foregoing reasons, we affirm appellant's conviction.

Affirmed.