# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Commonwealth of Virginia

v.

Josue Salinas Valdez

January 28, 2014

Case No. 13-190

BY JUDGE PAUL M. PEATROSS, JR.

Before the Court is the Motion to Dismiss Felony Charges and the Motion to Dismiss or Continue for Denial of Preliminary Hearing filed by Defendant. A hearing was held on January 2, 2014, and the Court took the Motions under advisement to consult the legal authorities cited. Evidence was presented on January 2, 2014, on the Motion to Dismiss Felony Charges.

## I. *Motion to Dismiss Felony Charges*

### A. *Factual Findings*

The Court adopts the facts stated in the Motion to Dismiss as clarified or modified by the testimony of Officer William Underwood on January 2, 2014. It also adopts the "facts" stated in the Commonwealth's Response to Defendant's Motion to Dismiss Felony Charges. Of importance to note is the fact that an alleged "Hit and Run" occurred in Albemarle County involving Defendant's 2000 Buick Regal, Registration XHC-9888. The contact with Defendant took place at 105 Birdwood Court in the City of Charlottesville more than 300 yards within the boundary of Albemarle County and the City of Charlottesville.

B. *Issue Presented*

Was the apprehension and arrest of Defendant improper because Albemarle County Police Officers Herring and Underwood were beyond their territorial jurisdiction to arrest Mr. Valdez in the City of Charlottesville?

C. *Analysis*

The Commonwealth first argues that § 15.2-1724 of the Code of Virginia gave the Albemarle County Police jurisdiction to arrest the Defendant. The pertinent part of that statute reads: "Whenever the necessity arises . . . (ii) in response to any law-enforcement emergency involving any immediate threat to life or public safety . . . the police officers . . . of any locality . . . may . . . lawfully go or be sent beyond the territorial limits of such locality . . . to assist in meeting such emergency or need. . . ."

The Court's reading of that statute authorizes police to go from Albemarle County, for example, into the City of Charlottesville, to meet an emergency or need in the City. There was no emergency existing in the City that Albemarle County Police were on notice of to require their presence. They only had notice that the residence of Defendant was at 105 Birdwood Court. The Court concludes that this statute did not give the Albemarle County Police the authority to arrest Defendant. Statutes in criminal cases have to be strictly construed against the Commonwealth.

The Commonwealth's second argument is that, pursuant to § 15.2-1726 of the Code of Virginia, a reciprocal memorandum of agreement permitted sworn police offices of Albemarle County to act beyond their territorial jurisdiction when "[r]esponding to law-enforcement emergencies involving any immediate threat to life or public safety."

The Court has read the Mutual Aid Agreement dated August 16, 1995, and the Executive Agreement for Implementation of Police Mutual Aid Agreement dated April 14, 2004. It agrees with the analysis set forth in the Defendant's Response to Commonwealth's Response to Defendant's Motion to Dismiss Felony Charges. There was no request by the City Police for assistance from the County Police. The Court agrees Officers Herring and Underwood were not "casually present" in the City of Charlottesville when a crime was committed by Defendant. Again there was no emergency in the City to which assistance was requested. The Court concludes that the Mutual Aid Agreement of 1995 or the Executive Agreement of 2004 did not give the Albemarle Police authority to arrest the Defendant.

The third argument of the Commonwealth is that § 19.2-81(B) of the Code of Virginia authorized the Albemarle County Police to arrest the defendant without a warrant on "reasonable grounds or probable cause to suspect of having committed a felony not in his presence." In other words Officers Herring and Underwood could have arrested Defendant Valdez at 105 Birdwood Court for felony "Hit and Run" committed in the County.

First the facts do not show the County Police arrested him for the "Hit and Run" in the County. Second the cases of *Commonwealth v. Tharpe*, 221 Va. 487 (1980), and *Neiss v. Commonwealth*, 16 Va. App. 507 (1993), hold that a police officer acting beyond his territorial jurisdiction has no standing to arrest by virtue of his office. He does have power to arrest without a warrant as a private citizen where he had reasonable grounds to believe the person arrested had committed a felony. This Court rules that Officer Underwood did have authority to arrest Mr. Valdez for the felony "Hit and Run" alleged to have occurred in the County of Albemarle as a private citizen. The alleged assault and subsequent shooting prevented the arrest for felony "Hit and Run" at the scene of 105 Birdwood Court.

The last argument of the Commonwealth is that, under § 19.2-81(D) of the Code of Virginia, an officer may arrest upon probable cause for driving while intoxicated without a warrant *at any location* whether or not the offense was committed in the officer's presence. The facts of this case show the County officers were not going to arrest Defendant Valdez upon arrival at 105 Birdwood Court, but went to that address to attempt to locate the Defendant and to investigate a felony "Hit and Run" or possible driving while intoxicated. While they may have had probable cause to arrest for felony "Hit and Run" at the time of the alleged assault by Defendant upon Officer Underwood, Officers Herring and Underwood did not attempt to arrest for felony "hit and run" or driving while intoxicated. Therefore, this statute does not apply to amount to an arrest pursuant to the language of the statute because there was no probable cause to arrest for driving while intoxicated when the alleged assault occurred.

D. *Conclusion*

The Court grants the Motion to Dismiss the felony charges of Malicious Bodily Injury to a Law Enforcement Officer and Assault and Battery of a Law Enforcement Officer for the reasons stated, but without prejudice to the Commonwealth to proceed on a misdemeanor charge of assault and battery.

## II. *Motion To Dismiss or Continue for Denial of Preliminary Hearing*

Because the felony Assault and Battery of a Law Enforcement Officer charge has been dismissed, this Motion has become moot and is dismissed.