Samuels, J.
The plaintiff was indicted in the Circuit court of Patrick county, for having “ feloniously and maliciously set fire to and burned three houses, to wit, an unoccupied dwelling-house, kitchen and smoke-houses and some fodder, being the property of Spencer T. Nowlin.”
*764 Upon the trial evidence was given tending to prove that the building described as a dwelling-house had been built for and used as a dwelling-house and for no other purpose, (except as a place of deposit for some fodder for a short time,) until about ten months before it was burnt; that the owner had been in the habit of renting it out, and had a short time before it was burnt rented it as a dwelling, and ordered it to be cleaned out for the tenant, who had not taken possession.
The plaintiff on the trial moved the court to instruct the jury, if they believed him guilty, that upon the facts above stated his offense did not come within the second section of chapter 192 of the Code of 1849; which instruction the court refused to give : and thereupon the plaintiff filed his bill of exceptions number one.
The jury having found the plaintiff guilty on the 21st of April 1855, the attorney for the plaintiff on the 24th of April moved .the court to set aside the verdict as being contrary to evidence. On the 26th of April the court overruled the motion to set aside the verdict, and rendered judgment thereon. The entries upon the record made on the 24th and 26th days of April respectively, show that the plaintiff appeared by attorney, and there is nothing in the record to show that he was present in court in his proper person on either of those days.
The plaintiff filed his bill of exceptions number two to the opinion of the court overruling his motion to set aside the verdict; and in this exception is set forth all the facts proved at the trial. No question is made, or can be made, upon this part of the record, except that the building alleged to be a dwelling-house, was not such, within the true intent of the statute. The facts bearing on this question are the same as those set out in the first bill, and further, that the buildings burnt were the property of Nowlin; that they were *765 one mile distant from his residence, and that they were burnt by the plaintiff in the day time.
I am of opinion the Circuit court erred in deciding that the building described as a dwelling-house, was such within the meaning of the seeond section of chapter 192 of the Code of Virginia. It was one mile distant from Nowlin’s residence, and no one lived or slept therein; nor had it been occupied as a dwelling for about ten months previous to its destruction. If it had been within the curtilage of Nowlin’s dwelling-house, but not adjoining thereto, nor under the same roof, it would have been excepted out of the second section by the third section. It must therefore be held that if the section standing alone would embrace the ease, (as it would not I conceive,) yet it falls within the exception in the third section. The facts that a building has once been used as a dwelling-house and is intended for the same use in future, do not of themselves make the building a dwelling-house within the meaning of the criminal statutes of Virginia. The safety of the inmates and their property afford a good reason for denouncing heavier penalties against crimes perpetrated against dwelling-houses, and which might endanger both, than against offenses which endanger property only. Thus, arson of a dwelling-house, and of certain other specified buildings, has been regarded as a crime of deeper dye than burning-other buildings, and has accordingly been visited with punishment commensurate with the greater enormity. The statute, chapter 192 of the Code, intended to preserve this distinction, by prescribing a greater degree of punishment in ease of conviction for burning a dwelling-house than for burning other houses, unless they be of the class enumerated in the first and second sections of the statute. The house alleged in this case to have been a “ dwelling-house,” does not answer the legal definition of such building, as well settled by *766 many adjudged cases. See Lyon's Case, 1 Leach 185 ; Fuller's Case, 1 Leach 186; Haws' Case, 2 Leach 701; Silk's Case, 2 Leach 876. I am, therefore, of opinion that the Circuit court erred in refusing the instruction prayed for: and from this refusal the jury must have been led to suppose that the case came within the second section of the statute, and may have been thereby induced to find a verdict different from that which they would otherwise have found.
The record, made up as it now stands, shows that on the 24th of April when a motion was made to set aside the verdict of the jury, and again on the 26th of April, when the motion was overruled and judgment rendered, the plaintiff appeared by attorney; and there is nothing to show that he was personally present in coui't on either day. This is probably the result of mere inadvertence in making up the record, yet this court must look only to the record as it is. That this is error is shown by Sperry's Case, 9 Leigh 623. It is the right of any one, when prosecuted on a capital or criminal charge, “to be confronted with the accusers and witnesses;” and it is within the scope of this right that he be present not only when the jury are hearing his case, but at any subsequent stage when any thing may be done in the prosecution by which he is to be affected.
The other judges concurred in the opinion of Samuels, J.
Judgment reversed.