# Richmond.

Shelton v. Commonwealth.

December 8th, 1892.

1. Criminal Proceedings—*Indictment—Time.*—An indictment is sufficiently certain as to time when it alleges that an offense was committed on a certain day, "about the hour of twelve o'clock in the night of that day," and means in the night after sun-down of that day.

2. Idem—*Witnesses—Directory.*—Code, § 3984, requiring names of witnesses to be written at foot of indictment, is merely directory, and their omission is not fatal to its validity.

3. Idem—*Continuance.*—The question as to a continuance is a matter in the discretion of the court; but, if the ruling be plainly erroneous, this court will reverse the judgment. *Hewitt's Case,* 17 Gratt., p. 627.

4. Idem—*Presence of prisoner—Record.*—A person indicted for felony must be shown from the record to have been personally present at every stage of the prosecution; nor can he waive the right to be present; and entry upon the record, "This case was continued for the defendant," does not show that he was personally present; as it is a settled principle that the presumption that a court of general jurisdiction acts rightly cannot supply an *essential* part of the record.

Error to judgment of circuit court of Prince William county, affirming judgment of county court of said county, rendered February 2d, 1892, whereby the plaintiff in error, Ephraim Shelton, was, in accordance with the verdict of the jury in the trial of an indictment against him for burglary, sentenced to confinement in the penitentiary for a period of five years. Opinion states the case.

*C. E. Nicol,* for plaintiff in error.

*R. Carter Scott,* for commonwealth.

LEWIS, P., delivered the opinion of the court.

The prisoner was indicted on the 7th of December, 1891, in the county court of Prince William county, for burglary. On the same day he demurred to the indictment, but the demurrer was overruled ; whereupon, being arraigned, he pleaded "not guilty." The case was then, by consent, continued until the next term, and the prisoner was remanded to jail. On the 4th of January, 1892, the case, as the record states, was continued until the next morning, the 5th of January, and on the last-mentioned day the following entry was made on the record— viz. : "This case was continued for the defendant." There is nothing, however, in the record to show that the prisoner was personally present in court on either of the two last-mentioned days.

At the ensuing February term he was tried, and sentenced, in accordance with the verdict, to confinement in the penitentiary for five years.

1. The first assignment of error—viz., that the demurrer to the indictment ought to have been sustained—is not well taken. The indictment follows the usual form in like cases, and is sufficient. The principal points of objection to it are (1) that it leaves it uncertain whether the alleged offense was committed at midnight at the commencement or termination of the day mentioned, which points of time are twenty-four hours apart ; and (2) that the names of the witnesses upon whose evidence the indictment was found are not written at the foot of the indictment, as the statute requires.

As to the first point, the allegation is that the offense was committed " on the 10th of November, 1891, about the hour of 12 o'clock in the night of that day," which clearly means in the night after sun-down of that day. And as to the second point, it is enough to say that the statute, now carried into section 3984 of the Code, requiring the names of the witnesses

to be written at the foot of the indictment, is directory merely.

In *Dever's Case*, 10 Leigh 685, it was held by the general court that the statute requiring the title or profession of the prosecutor to be written at the foot of the indictment was only directory to the officers of the court, and, therefore, that the failure to comply with the requisition of the statute in that case was no ground for quashing the indictment. And in *Williams' Case*, 5 Gratt. 702, it was decided, on the authority of *Dever's Case*, that the omission to write at the foot of the indictment the name of the witness on whose evidence it was found was no reason for quashing it.

In *State* v. *Shores*, 31 W. Va. 491, which was an indictment for burglary, a similar question arose, and was decided in the same way. The court held in that case that the omission to write the names of the witnesses at the foot of the indictment was not to the prejudice of the accused, inasmuch as the prosecuting attorney, when their names are so written, is not bound to call them at the trial ; that the provision of the Constitution, that "the accused shall be confronted with the witnesses against him," merely meant that the witnesses who testify at the trial must appear in person, and that hearsay evidence was not admissible. And referring to the West Virginia statute on the subject, and to the fact that in *Williams' Case*, *supra*, a similar statute in Virginia had been construed to be directory, it was further said :

"That case was decided forty years ago, and we have no inclination to disturb it now. Whatever may have been decided elsewhere, we hold the law to be settled in Virginia and this state that such a statute is not mandatory, but directory."

The statute having been thus construed before the revisal of 1887, the legislature must be presumed to have intended, when the statute was retained in the Code, to adopt the construction put upon it by the courts, notwithstanding the Code

dispenses with an examination before a justice as a necessary preliminary to a trial for a felony.

2. An insuperable objection, however, to the judgment in the present case is that the record does not show that the prisoner was personally present in court, either on the 4th or 5th of January, when the case was continued, which was after the arraignment.

It is an established rule that a person indicted for a felony must not only be arraigned in person and plead in person, but he must be personally present during all the subsequent proceedings, and the record must show that he was present; nor can he waive the right to be present.

The rule was established at an early day in England, at a time when a person on trial for felony was not allowed the advice and assistance of counsel; and although the reason for the rule (to the extent, at least, that the accused was never denied the right to have the aid of counsel) does not exist in this country, nor at the present day in England, yet the rule still prevails in Virginia in all its ancient strictness. *Sperry's Case,* 9 Leigh 623; *Hooker's Case,* 13 Gratt. 763; *Jackson's Case,* 19 Id. 656; *Lawrence's Case,* 30 Id. 845; *Bond's Case,* 83 Va. 581.

It is quite probable that the defect in the record is due to the inadvertence of the clerk in making up the record. But be that as it may, we can decide the case only on the record as it is, for it is a settled principle that the presumption that a court of general jurisdiction acts rightly cannot supply an *essential* part of a record in a felony case. *Spurgeon's Case,* 86 Va. 652.

It has been held that the right of the prisoner to be personally present after arraignment is without any limit or exception, when the step is not one of mere discretion in the court; and in some jurisdictions it is held that the question as to a continuance is a matter altogether in the discretion of the

court, whose ruling in the matter is not assignable as error. But it is not so in Virginia, although here an appellate court will not reverse a judgment for a ruling on a motion for a continuance, unless such ruling be plainly erroneous. *Hewitt's Case*, 17 Gratt. 627. At all events, a motion for a continuance, and the ruling of the court thereon, is a step in the prosecution by which the prisoner is to be affected, and hence cannot be taken, after arraignment, in his absence. *Wheeler* v. *State*, 14 Ind. 573; *State* v. *Alman*, 64 N. C. 364; 68 Am. Dec. 219, notes to *Warren* v. *State*.

It follows that the judgment must be reversed, all the proceedings subsequent to the term at which the prisoner was arraigned set aside, and the case remanded for a new trial.

JUDGMENT REVERSED.