**Richmond**

JUKKA PEKKA VIHKO

v.

COMMONWEALTH OF VIRGINIA

No. 1327-87-2

Decided June 12, 1990

COUNSEL

Steven D. Benjamin, for appellant.

Frank S. Ferguson, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.**—Jukka Pekka Vihko, an established securities broker, solicited approximately $1.1 million from investors by falsely promising exorbitant returns from low risk investments. From the amount solicited, Vihko embezzled approximately $500,000. He was convicted of various securities frauds and illegalities for which he received sentences totalling 222 years in the penitentiary.

Vihko seeks reversal of his convictions on the grounds that the indictments were *per se* invalid because of prosecutorial misconduct which occurred before the special and the regular grand juries and because of procedural errors committed by both grand juries which, he contends, tainted the indictments. Specifically, Vihko alleges error in that: (1) the Commonwealth's attorney and special investigatory personnel participated throughout the investigatory stage of the special grand jury proceedings; (2) the Com-

monwealth's attorney prepared the special grand jury report; (3) the forensic accountant presented his report to the special grand jury without having been sworn or without the grand jury having that part of the proceeding recordings; (4) the special grand jury released transcripts of its proceeding to the Commonwealth's attorney and to the forensic accountant; (5) an investigator for the special grand jury presented the grand jury's report to the regular grand jury rather than the foreman and then the name of the investigator was omitted from the indictment contrary to statutory requirements; (6) the Commonwealth's attorney appeared before the regular grand jury; and (7) the defendant's bank records and financial statements which had been presented as evidence to the special grand jury could not thereafter be admitted as evidence at trial. With the exception of the release to the Commonwealth's attorney and accountant of the transcript of the special grand jury proceeding, which was not prejudicial, the questions presented by the defendant are not error. The practices about which the defendant complains are part of the statutory scheme and established practice governing special grand jury proceedings. Since we find that no reversible error occurred at the special grand jury proceedings, we do not address the Commonwealth's argument that an indictment returned by an untainted regular grand jury cures error by a prior special grand jury. *See United States v. Mechanik*, 475 U.S. 66, 72-73 (1986).

By statute and established practice, grand juries are endowed with broad powers of inquisition and examination and are accorded wide discretion and relative autonomy in performing these duties. *See* Code §§ 19.2-191 — 19.2-215; *Blair v. United States*, 250 U.S. 273, 282 (1919). The regular grand jury's function, as both an investigating and indicting body, is augmented by the special investigating grand jury in those cases where more extensive, exhaustive, or specialized investigation is required. While the Commonwealth typically brings before the regular grand jury the evidence considered by the special grand jury, the sole function of the special grand jury is to gather evidence and synthesize its findings into a report, which may be presented to the regular grand jury. Thus, the special grand jury is invested by statute with much broader investigative powers, but no indicting power. *See* Code §§ 19.2-206 - 19.2-215.

We first consider whether the alleged grand jury improprieties violated statutes or case law.

## I. *Presence of Special Personnel*

The Code provides for the appointment of special Commonwealth's attorney(s) and specialized investigatory personnel to assist the special grand jury in its investigatory and reporting work. Code § 19.2-211. These special investigatory personnel may, when requested, conduct an investigation, interrogate witnesses, testify before the grand jury, render investigatory results, and otherwise participate in the investigation as the grand jury deems necessary. These functions fulfill the purpose for which they are authorized and appointed, and the propriety of the special grand jury's utilization of forensic experts is beyond question. Code § 19.2-211; *see Lujan v. State*, 85 Nev. 16, 18, 449 P.2d 244, 245 (1969); *see also* Annot., *Presence of Unauthorized Persons During State Grand Jury Proceedings as Affecting Indictment*, 23 A.L.R. 4th 397 (1983). The role of special personnel is not limited to educating the grand jurors in the areas of expertise in order that they may successfully conduct their own investigation and examination, and the role of special personnel is not limited simply to providing documentary evidence and reports. They may, and most often do, conduct the investigation. The limitation which the statute places on the appointed personnel is that they may not participate in the grand jury's deliberations. Code § 19.2-210. We find no error in the investigative functions which the special personnel provided to the special grand jury.

## II. *Preparation of Special Grand Jury Report*

We find it not to have been error that the Commonwealth's attorney drafted the special grand jury's final report. So long as the grand jury arrived at its conclusions through untrammeled deliberations, it may then direct special counsel to draft its report. The evidence does not indicate that special counsel improperly influenced deliberations or drafted a report other than in conformity with the grand jury's findings. The delegation of clerical and preparatory tasks by the grand jury is proper. The report drafted by counsel becomes the report of the grand jury upon their adoption of it.

### III. *Presentation of Investigatory Report to Special Grand Jury*

The Commonwealth's attorney acknowledged that the forensic accountant's report and his introductory explanation of what it contained were presented to the special grand jury without recording the statement and possibly without the accountant having being sworn. The defendant contends that because the report and possibly the witness were unsworn despite the requirements of Code § 19.2-208, and because the introductory statement was unrecorded as required by Code § 19.2-212, the report and explanation were improperly received in evidence.

The evidence presented by the forensic accountant consisted of a written report which organized and detailed his examination of bank and finance statements that are not easily understood by lay persons. While the better practice is to record all proceedings before the grand jury, other than their deliberations, the primary function of recording the proceedings is to maintain a record and transcript for the use, benefit, and convenience of the grand juries. The record is not maintained to provide those under investigation with a record to assure that all formalities attendant to the proceedings have been followed. In this case, the evidence presented to the grand jury was the written report, not the introductory explanation of it, and the document was the record of that evidence which was presented. A digest or summation is not the presentation of additional evidence, and a report's preamble is not testimonial evidence. It is incongruous with the investigatory latitude accorded to grand juries, including their right to consider unverifiable hearsay evidence, to prohibit a commentary on written evidence which the grand jury has in hand.

In any event, whether the accountant's introductory explanation or remarks were unsworn or constituted unrecorded evidence presented to the grand jury is based solely on conjecture and surmise; the record before us fails to establish that the grand jury received and considered unsworn and unrecorded evidence from a witness. Thus, we need not address whether a showing of such procedural violations would warrant review of the conviction or indictment without demonstrating prejudice.

## IV. *Release of the Special Grand Jury Report and the Proceeding Transcripts*

■ The defendant contends that the special grand jury foreman released transcripts of the proceeding to the Commonwealth's attorney and to the forensic accountant contrary to Code § 19.2-212's prohibition against disclosure and requirement of delivery to the court. The characteristic secrecy associated with grand jury proceedings is intended to protect the proceedings from *public* exposure. The rationale for non-disclosure to the public is twofold: (1) to protect the reputation of suspected individuals from the stigma which investigation alone can bring, and (2) to promote public cooperation in investigations by providing some anonymity and reducing the risk of recrimination.

■ The premise of the secrecy requirement, which is that disclosure to the public will inhibit the grand jury's ability to proceed unhampered in its investigation, does not obtain to the disclosure of information to law enforcement authorities who are designated to assist the grand jury. "There is nothing in the reason of the rule requiring secrecy of grand jury proceedings which precludes counsel assisting in the investigation from having a transcript of the testimony which they have produced before the grand jury or consulting with their superiors in regard thereto." *United States v. United States District Court for the Southern District of West Virginia*, 238 F.2d 713, 721 (4th Cir. 1956), *cert. denied*, 352 U.S. 981 (1957). However, the authority to release transcripts of the proceedings rests with the trial court and not the members or foreman of the grand jury. The trial judge is the only official authorized by statute to allow access to and to monitor the scope of disclosure of the grand jury's notes, tapes, transcriptions, and report after sealing and filing with the court. Code §§ 19.2-212 and 19.2-213. While it is unclear from the record whether the special grand jury report recommended that the matter be referred to a regular grand jury for indictment, Code § 19.2-213, we assume from what transpired that the report did so recommend. If so, we hold that no violation occurred if the report recommended reference to a regular jury and that the Commonwealth's attorney present the report and transcripts "which are for the sole use of the special grand jury" to the regular grand jury. We construe the authority of Code § 19.2-213 to make "any recommendations that it may deem appropriate" to authorize release of its tapes and

transcripts to the regular grand jury. However, if the report did not authorize the Commonwealth's attorney and accountant to present the reports and transcripts to the regular grand jury, the items were required to be sealed, filed with the court, and not subject to disclosure or inspection "other than by order of the court." Code §§ 19.2-213 and 19.2-212.

Nevertheless, the defendant has not shown how he was prejudiced by this error. The parties to whom the transcripts were released were privy to the information presented to the grand jury that the transcripts contained since they primarily secured and presented the evidence.

Although the defendant asks us to adopt a *per se* rule invalidating indictments for unauthorized disclosure, we decline to do so. Despite the difficulty of proving prejudice and in view of the sanctity of rules which have been crafted to protect the public interest in grand jury secrecy, such a rule would not serve the public interest. Furthermore, we hold that the violation, if any occurred, is neither so egregious nor pervasive as to justify reversal for prophylactic reasons. Thus, the error is not reversible.

### V. *Omission of the Witness' Name from the Indictment*

■ Although Code § 19.2-202 provides for the endorsement of names of witnesses who testify before a regular grand jury, the requirement is directory and an omission is not grounds to quash the indictment. *Shelton v. Commonwealth*, 89 Va. 450, 451-52, 16 S.E. 355, 355-56 (1892). Furthermore, the omission of the witness' name from the foot of the indictments was rectified by the trial court before trial in response to the defendant's bill of particulars. This action cured the omission.

### VI. *Appearance of the Commonwealth's Attorney Before the Regular Grand Jury*

■ The regular grand jury consulted the Commonwealth's attorney during deliberations to obtain advice on a legal issue. Such action is explicitly provided for in Code § 19.2-201, and his advice to them was properly limited to this matter. This was not error. *See Draper v. Commonwealth*, 132 Va. 648, 655, 111 S.E. 471, 473 (1922); *Mullins v. Commonwealth*, 115 Va. 945, 950, 79 S.E. 324, 326 (1913).

## VII. *Admission of Evidence at Trial*

 The defendant contends that because the grand juries previously considered certain evidence, it cannot thereafter be presented at trial without violating the secrecy of the grand jury proceedings. The fact that a grand jury previously viewed or considered evidence, standing alone, is no bar to its subsequent use at trial. *In re Grand Jury Investigation of Ven-Fuel*, 441 F. Supp. 1299, 1302-03 (M.D. Fla. 1977); Annot., *What are "Matters Occurring Before the Grand Jury" Within the Prohibition of Rule 6(e) of the Federal Rules of Criminal Procedure*, 50 A.L.R. Fed. 675 (1980). The very purpose of grand juries is to investigate and gather evidence for prosecution purposes. The defendant's argument that a presentation of evidence to a grand jury prevents further use of the evidence leads to the untenable result that grand juries, by considering evidence to indict an individual for criminal activity, would in the process make it difficult, if not impossible, to undertake effective prosecution. The argument is frivolous and without merit.

*Affirmed.*

Barrow, J., and Keenan, J., concurred.