COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Moon, Judges Coleman and Overton
Argued at Salem, Virginia


MERRY CHRISTINE PEASE
                                              OPINION BY
v.        Record No. 2086-95-3      JUDGE NELSON T. OVERTON
                                            MARCH 18, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF WISE COUNTY
                   J. Robert Stump, Judge

        Robert M. Galumbeck; Gerald L. Gray (Dudley,
        Galumbeck & Simmons; Gerald L. Gray Law Firm,
        on brief), for appellant.

        Monica S. McElyea, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.


    Merry Christine Pease was convicted by a jury of second

degree murder and the use of a firearm in the commission of

murder.  She appeals, contending that (1) the Commonwealth's

Attorney improperly appeared before the grand jury; (2) the trial

court erred in admitting an intercepted communication; and (3)

the trial court erred in granting a jury instruction on the

effects of suicide on insurance policies.  For the reasons stated

below, we reverse the convictions.

    Pease's first assignment of error concerns the activities of

Timothy McAfee, the Commonwealth's Attorney, before the grand

jury.  In the fourth day of the trial, Mr. McAfee attempted to

impeach a witness for the defense by asking her about her

testimony at the grand jury.  When asked how he knew about her

previous testimony, Mr. McAfee responded that he had been present

before the grand jury.  He explained to the court:

> I anticipated and spoke with the grand jury about the reason she was subpoenaed.  They asked that I be present and ask the questions.  Because I anticipated that [the witness] would in fact tell that story different today under oath than she did under oath [then] and asked that Special Agent Parker be permitted to be present when she testified.  I spoke with the grand jury foreman about that and was permitted to have Mr. Parker present so that I wouldn't have to testify.  Agent Parker could.

Code § 19.2-201 provides that "no attorney for the Commonwealth shall go before any grand jury except when duly sworn to testify as a witness, but he may advise the foreman of a regular grand jury or any member or members thereof in relation to the discharge of their duties."  A Commonwealth's Attorney may advise the grand jury on a legal issue and the law in regard to the various indictments that they are considering, but he may not specifically refer to the indictment against the accused.  See Hall v. Commonwealth, 143 Va. 554, 560, 130 S.E. 416, 418 (1925); see also Vihko v. Commonwealth, 10 Va. App. 498, 505, 393 S.E.2d 413, 418 (1990).  He is not permitted, "by his presence or otherwise, to influence them in reaching a conclusion during their deliberations."  Hall, 143 Va. at 560, 130 S.E. at 418.  We acknowledge, as the Commonwealth would urge, that "[t]he mere presence of the attorney for the Commonwealth in the grand jury room does not invalidate an indictment found at the time, if . . . it satisfactorily appears that the accused was not prejudiced thereby."  Mr. McAfee's conduct in this case, however,

2

goes beyond "mere presence."

Mr. McAfee apparently initiated contact with the grand jury about this witness, who was the defendant's personal friend.  He informed them that he thought she would not be truthful.  He actually examined the witness for the grand jury.  This behavior well surpasses that which the Code permits.

Dismissal of the indictment for a nonconstitutional error "is appropriate only 'if it is established that the violation substantially influenced the grand jury's decision to indict,' or if there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations."  Bank of Nova Scotia v. United States, 487 U.S. 250, 256 (1988) (quoting United States v. Mechanik, 475 U.S. 66, 78 (1986) (O'Connor, J., concurring)).  Upon reviewing the record, we can come to no other conclusion but that Mr. McAfee substantially influenced the grand jury in reaching an indictment to the prejudice of the defendant.  We therefore quash the indictment and remand to the trial court for such further action as the Commonwealth may deem advisable.[1]

Pease also argues that a telephone conversation between her and a friend was improperly admitted.  In light of our decision to quash the indictment, we are not compelled to address this issue.

---

[1]While a conviction by a petit jury may render harmless certain errors in the charging decision, see Mechanik, 475 U.S. at 73, the error in this case was significant enough to justify quashing the indictment.

Pease's third assignment of error will not be considered because the objection raised at trial differed from that raised on appeal.

Accordingly, the convictions are reversed, the indictment quashed, and the case is remanded.

<u>Reversed and remanded.</u>

4