COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Senior Judges Duff and Hodges


NORMAN LYNWOOD HALEY

                                      MEMORANDUM OPINION[*] BY
v.    Record No. 2023-98-4    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                         JANUARY 18, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
H. Selwyn Smith, Judge Designate

(Christopher J. Collins, on brief), for
appellant.  Appellant submitting on brief.

(Mark L. Earley, Attorney General; Robert H.
Anderson, III, Assistant Attorney General, on
brief), for appellee.  Appellee submitting
on brief.


Appellant was tried and convicted of contracting without a state contractor's license, third or subsequent offense, during a thirty-six month period in violation of Code § 54.1-111(A)(8).  On appeal, appellant contends the trial court erred in denying his motion to dismiss the indictment and his request to inspect the minutes of the grand jury.  For the reasons that follow, we dismiss appellant's appeal.

FACTS

On February 9, 1998, the grand jury indicted appellant on the above-referenced charge.  By order dated February 19, 1998, the

_____

        * Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

case was continued until April 1, 1998. On March 3, 1998, appellant filed a "Motion to Dismiss Indictment and Request to Inspect Minutes of the Grand Jury" and a memorandum in support of that motion. In the memorandum, appellant contended that

> [t]he grand jury in this case was not informed of the appeal noted by defendant or that it had placed the status of his Fairfax conviction(s) in abeyance pending the conclusion of the appeal. The police officer, who we believe gave testimony regarding the Fairfax County conviction(s) before the grand jury, knew or had reason to know that an appeal was pending. An indictment in Loudoun County was, thus, premature.

As to the second issue, appellant moved for disclosure of the grand jury proceedings, alleging "it is crucial to know how the information leading to a third and subsequent felony indictment evolved in order to know if the grand jury had been adequately informed in reaching its indictment."

MOTION TO DISMISS INDICTMENT

On April 22, 1998, appellant appeared before the trial court on Indictment Numbers 11283 and 11284. The trial court entered an order of nolle prosequi on Indictment No. 11283. As to Indictment Number 11284, the order reflected that the trial court denied appellant's motions "To Have Judge Smith Recuse Himself," "To Dismiss the Indictment," and "To Unseal Grand Jury Minutes" after due "consideration and for the reasons stated on the record." The record on appeal contains no transcript of the April 22, 1998 proceeding nor a statement of facts reflecting

-

what evidence and arguments were presented at that time and upon what bases the trial judge denied the motions. Moreover, the record does not contain copies of any district court misdemeanor convictions allegedly on appeal to the circuit court.

"The trial court's judgment is presumed to be correct, and 'the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred.'" Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (en banc) (citations omitted). In a long series of cases, this Court has addressed the necessity to provide a record sufficient to determine the merits of the issues on appeal. See, e.g., Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986).

Absent a transcript or statement of facts, we cannot determine what arguments or objections were made to the indictment or prior orders; what prior orders were contested; what evidence was presented; and what actions the Commonwealth or trial court took to cure any alleged improprieties.

Moreover, at appellant's July 24, 1998 trial on Indictment Number 11284, the Commonwealth introduced and the trial court admitted into evidence, without objection, certified copies of three circuit court misdemeanor convictions. Appellant's failure to object to the admission of the prior conviction orders cured any alleged defects in the indictment.

-

INSPECTION OF GRAND JURY MINUTES

Grand jury proceedings are to be kept secret unless a grand jury witness is prosecuted for perjury.  See Code § 19.2-192.

> The characteristic secrecy associated with grand jury proceedings is intended to protect the proceedings from public exposure.  The rationale for non-disclosure to the public is twofold:  (1) to protect the reputation of suspected individuals from the stigma which investigation alone can bring, and (2) to promote public cooperation in investigations by providing some anonymity and reducing the risk of recrimination.

Vihko v. Commonwealth, 10 Va. App. 498, 504, 393 S.E.2d 413, 417 (1990) (explaining that the trial judge is the only authorized official to monitor the scope of disclosure of grand jury proceedings).  Without a transcript of the April 22, 1998 hearing, we cannot determine what evidence and arguments were presented and upon what bases the trial court refused to exercise its authority to disclose the grand jury minutes.  See Twardy, 14 Va. App. at 658, 419 S.E.2d at 852.

Moreover, the record contains no evidence specifying which underlying convictions, if any, were on appeal to the circuit court at the time the grand jury issued the indictment to support appellant's bare assertion of bad faith.  See Ferguson v. Commonwealth, 10 Va. App. 189, 194, 390 S.E.2d 782, 785, aff'd in part, rev'd in part, 240 Va. ix, 396 S.E.2d 675 (1990) (holding that appellant has primary responsibility of ensuring that complete record is furnished to an appellate court so that

-

errors assigned may be properly decided); <u>see also</u> <u>Twardy</u>, 14 Va. App. at 658, 419 S.E.2d at 852. Thus, we cannot say that any conviction orders were on appeal at the time the grand jury met and issued the indictment or that the police acted in bad faith.

### CONCLUSION

Appellant failed to include a transcript of the April 22, 1998 proceeding. He also failed to provide record evidence identifying what convictions, if any, were on appeal and what convictions, if any, were improperly used to obtain the indictment. Because a transcript or statement of facts concerning the incidents of the April 22, 1998 hearing is indispensable to determining the merits of the issues raised by appellant on appeal, we dismiss the appeal.

<u>Dismissed.</u>

-