# CIRCUIT COURT OF ROANOKE COUNTY

In re Special Grand Jury Report
on the Town of Vinton
Police Department

February 7, 2001

Case No. CH00-000378

BY JUDGE DIANE MCQ. STRICKLAND

Petitioners, William L. Heartwell, III, Town of Vinton, and six members of Vinton Town Council have filed motions requesting the release of the report of the Special Grand Jury impaneled on October 27, 1999, to investigate allegations of malfeasance and nonfeasance in the Town of Vinton Police Department. The motions are filed pursuant to Code of Virginia (1950 as amended) § 19.2-213, which vests the trial court with the discretion to unseal and release a report filed by a special grand jury. In support of their requests, the petitioners cite the "indispensable" need to use the report to prepare their defense to a federal civil lawsuit filed by Riley R. Foutz and William R. Brown and public policy.

Foutz and Brown, by special appearance, have responded and have also raised several preliminary procedural issues. They challenge whether the case is properly before the court as no defendants have been named or served pursuant to Rule 3:3 of the Rules of the Supreme Court of Virginia. They also plead *res judicata* and *collateral estoppel* based upon this court's April 17, 2000, ruling *In re Special Grand Jury Report* (CH00000060), wherein the petition of the Times World Corporation for public release of the Special Grand Jury Report was denied.

## Background

On October 27, 1999, a Special Grand Jury ("Jury") was impaneled by order of the Circuit Court of Roanoke County pursuant to Code of Virginia (1950 as amended) § 19.2-206 for the purpose of investigating alleged malfeasance and nonfeasance by members of the Town of Vinton Police Department. The Jury met on eight separate occasions between November 3, 1999, and January 13, 2000. During this time the Jury summoned fifty-three witnesses and reviewed numerous documents. The Jury filed its report with this court on February 14, 1999, without recommending any indictments.

While the Jury was still sitting, the Special Prosecutor assisting the Jury approached the court expressing concern about the severity of the allegations arising from the investigation. In the opinion of the Special Prosecutor, the magnitude of the accusations necessitated a meeting with Heartwell, attorney for the Town of Vinton, to brief the Town Council and enable them to take appropriate action. The court granted permission and the Special Prosecutor met with Heartwell. Heartwell then conferred with the Town Council and met separately with Foutz and Brown, Chief and Lieutenant, respectively, of the Town of Vinton Police Department on November 10, 1999. As a result of these meetings, Foutz and Brown immediately resigned.

After the Jury submitted its report on February 14, 2000, requests were made to the court for its release pursuant to § 19.2-213. Upon consideration of various factors, including those outlined in *Vihko v. Commonwealth*, 10 Va. App. 498, 393 S.E.2d 413 (1990), the court, by Order dated February 17, 2000, made copies of the report available to the interested parties and members of the public and media for a three-hour period on February 18, 2000. Names of all individuals who were not the subjects of the Jury investigation were redacted from the report. On February 22, 2000, the Times-World Corporation and Kimberly O'Brien, a reporter for *The Roanoke Times*, filed a petition seeking the full release of the report citing public policy and public access considerations. Upon hearing arguments by interested parties, the court entered the Order dated April 17, 2000, denying this request.

Foutz and Brown each filed lawsuits in the United States District Court for the Western District of Virginia, Roanoke Division, on April 26, 2000, and September 14, 2000, respectively, against the Town, Council Members, and Heartwell, in their individual and official capacities. As a result of the allegations raised by Foutz and Brown, Heartwell, the Town, and Council Members petitioned this court for full release of the Jury report.

*Decision*

The Code of Virginia (1950 as amended) § 19.2-213 grants the court which impanels a special grand jury the authority to order the release of special grand jury report. This statute and Virginia case law provide little guidance as to the factors a court is to consider when exercising its discretion regarding a request for release.

Addressing first the preliminary procedural issues, the court considers whether this matter is properly before it. Foutz and Brown assert that proper parties are missing, that defendants have not been named. However, the motions were filed under the style of an *"In re"* action to seek release of documents sealed by this court. This is the usual and proper method for instituting a proceeding concerning a *res*. In such an action, there is neither a defendant to be named nor served. The court is in sole possession and is the sole entity responsible for determining whether the report is to be released. Under the circumstances that here attain, there are no proper parties to be named or served as defendants.

Brown and Foutz further argue that this proceeding is barred by the doctrines of *res judicata* or *collateral estoppel*. *Res judicata* bars relitigation where the same cause of action could have been litigated in an earlier action between the parties or their privies. *See Bates v. Devers*, 214 Va. 667, 202 S.E.2d 917 (1974). The plea of *res judicata* fails for two reasons. First, the same cause of action could not have been litigated earlier. The primary reason cited by the petitioners for the release of the report is the defense of the federal lawsuits. Because the federal lawsuits had not been filed when *In re Special Grand Jury Report* was before this court, this cause of action would not have been ripe. Secondly, the original parties or their privies are not before the court. The only actual parties to either action are the petitioners, who differ. Even if the court considers the persons or entities who were heard on the earlier petition, they are not the same as those now being heard. Heartwell and the Council Members are sued in the federal lawsuit in their individual capacities and, as such, were not before the court at the earlier hearing.

The court also disagrees with Foutz's and Brown's reliance upon the doctrine of *collateral estoppel*. *"Collateral Estoppel* is the preclusive effect impacting in a subsequent action based upon a collateral and *different cause of action*. In the subsequent action, the parties to the first action and their privies are precluded from litigating any issue of fact actually litigated and essential to a valid and final personal judgment in the first action." *Bates* 214 Va. at 671, 202 S.E.2d at 921 (citations omitted) (emphasis in original). As stated above, mutuality of the parties is lacking and the issue now before this

court could not have been raised in the earlier proceeding because the federal lawsuit had not yet been filed. Therefore, the *estoppel* claim fails for the same reasons as those stated for the plea of *res judicata.*

Having considered and rejected the procedural objections, the court now considers the merits of the petitioner's request for full public release of the report. Due to the paucity of authority on matters involving the proceedings of a special grand jury, this court turned for guidance to case law addressing the disclosure of grand jury reports. The standard established in *Douglas Oil Co. of California v. Petrol Stops Northwest,* 441 U.S. 221 (1979), for determining when grand jury secrecy may be broken is particularly instructive. The Supreme Court established that:

> Parties seeking grand jury transcripts . . . must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed. Such a showing must be made even when the grand jury whose transcripts are sought has concluded its operations . . . .

*Id.* at 221. Each of these factors will be considered hereafter.

In *Douglas Oil,* the Court addressed the proper circumstances and considerations a court should contemplate when evaluating a civil litigant's request to obtain secret grand jury materials. The litigants in *Douglas Oil* were involved in litigation before a District Court in Arizona, and the plaintiffs to the suit petitioned the District Court for the Central District of California for release of the grand jury transcripts pursuant to Federal Rules of Criminal Procedure § 6(e)(2). The California District Court released the grand jury materials, subject to several protective conditions, over the objections of the defendants. The Supreme Court, in overruling the decision of the lower court, set forth the above-stated factors which this court now applies to the facts at hand.

The first issue presented by the *Douglas Oil* analysis is whether disclosure is warranted to avoid possible injustice in the federal lawsuits filed by Foutz and Brown. Petitioners argued that the allegations raised against them in the federal civil proceedings stem from "various advice Heartwell gave the Council and actions Heartwell took as legal counsel for the Town." Petitioner's Memorandum of Law in Support of Motion for Release of Special Grand Jury Report, at 2. The petitioners further argued that Heartwell's actions were "premised, in part, upon information gleaned [from] the briefing

with the State Police and Special Prosecutor about the Special Grand Jury's investigation." *Id.* at 3. In argument before the court, the petitioners emphasized the need for the report in order to defend against the pending lawsuit, contending that truth is a defense to defamation. Additionally, they asserted that the report would assist in discovery of other materials which could aid their defense. Finally, the petitioners argued that release of the report would serve to promote judicial economy by expediting discovery and eliminating the need to return to this court during the discovery process.

The petitioners have shown a relationship between the special grand jury proceedings and the pending federal civil case. They have also demonstrated that the information contained in the report may be useful in providing a defense in the federal proceedings. However, the burden on the party seeking disclosure requires the showing of a particularized need for the materials sought. The Supreme Court held in *United States v. Sells Eng'g, Inc.*, 463 U.S. 418 (1983), that a particularized need does not exist merely because the grand jury materials are rationally related to the litigation, instead the information must be *necessary,* rather than just beneficial. It is difficult for this court with its limited knowledge of the federal case to determine if there exists a particularized need for release of the report. The petitioners have failed to demonstrate any effort to obtain the information available in the report through normal discovery methods nor have they shown that the information sought is unavailable through discovery. The mere fact that the report would prove more expedient and cost effective does not relieve the parties from undertaking the usual modes of discovery. *See Proctor & Gamble*, 356 U.S. at 682. Accordingly, it would appear to be premature to determine the necessity of releasing the report.

The second factor to consider under *Douglas Oil* is whether the need for disclosure is greater than the need for secrecy. Both the Virginia and Federal courts recognize that the function of grand jury and special grand jury depend on the secrecy of the proceedings. *See Vihko*, 10 Va. App. 498, 393 S.E.2d 413; *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681-82 (1958). In *Vihko*, the court discussed the rationale behind the secrecy requirements of a Virginia special grand jury. The secrecy of the special grand jury seeks to (1) protect the reputation of suspected individuals and (2) promote the public's cooperation with the grand jury process. *Vihko*, 10 Va. App. at 504, 393 S.E.2d at 417. *Procter & Gamble* notes that one of the reasons for secrecy is to encourage witnesses to come forward by protecting their identity, both at the time of the proceedings and thereafter, and states that only where there is a "compelling necessity" demonstrated by a particular need will the secrecy of the grand jury be compromised. *Procter & Gamble*, 356 U.S. at 682.

The status of the grand jury proceedings is one of the factors considered when evaluating the need for secrecy. The fact that the special grand jury proceedings are over diminishes, but does not relieve, the need for secrecy. *See Douglas Oil*, 441 U.S. at 222. There remains a need to assure witnesses who will be summonsed before future special grand juries that their rights of privacy will be protected. The function, purpose, and integrity of the special grand jury process must be preserved. Furthermore, when no indictment has been issued by the grand jury, a strong interest exists in protecting those individuals who were investigated by the grand jury. *In re Jordan*, 439 F. Supp. 199 (S.D. W. Va. 1977). In such a case, "by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule." *Douglas Oil*, 441 U.S. at 219. The special grand jury investigating the Town of Vinton Police Department did not return indictments against either Foutz or Brown. This creates a higher burden on the petitioners to demonstrate the need for public disclosure of the report.

The final standard established in *Douglas Oil* is that the request be structured only to cover the materials needed for defense of the other action. The judge presiding over the grand jury is generally tasked with the responsibility of reviewing the request for disclosure because that court is usually in the best position to determine the need for continued secrecy and scope of any disclosure. *See Douglas Oil*, 441 U.S. at 225-26. The Supreme Court recognized, however, the disadvantage a judge has in making this decision where the request is made for a suit pending in another jurisdiction. In such a situation, the court in "custody of the grand jury transcript will have no firsthand knowledge of the litigation in which the transcripts are allegedly needed, and no practical means by which such knowledge can be obtained." *Id.* at 226. The judge overseeing the grand jury does not possess the information necessary to determine what matters are required by the defense and to tailor the release accordingly.

This court finds itself in a similar situation to the District Court in *Douglas Oil*. The petitioners request the release of the grand jury testimony based on the unsupported information contained in the Motion for Judgment and oral arguments. While the Complaints filed by Foutz and Brown have been filed as exhibits herein, this court is not familiar with the responsive pleadings, nor any motions or pretrial rulings, nor the status of discovery in the federal proceedings. In *Douglas Oil* the Court stated that:

> [a] court more familiar with the course of the . . . litigation might have seen . . . differences indicating that the disclosure would likely be of

> little value .... Alternatively, the court where the civil proceedings were pending might have considered disclosure at that point in the litigation to be premature.

*Id.* at 229-30.

The Court concluded that:

> the better practice would have been for the [court], after making a written evaluation of the need for continued grand jury secrecy and a determination that the limited evidence before it showed that disclosure might be appropriate, to send the requested materials to the court where the civil cases were pending.

*Id.* at 230.

### *Conclusion*

Upon consideration of these factors, this court is not in a position to grant the petitioners' request and, considering the nature of the action in federal court, may never be in a position to properly ascertain whether a release would be appropriate for those proceedings. Therefore, it is the opinion of this court that the approach outlined in *Douglas Oil* should be followed.

Accordingly, this court will forward its order and objections thereto together with this decision and a complete copy of the February 14, 2000, Report of the Special Grand Jury to Judge James C. Turk at the United States District Court for the Western District of Virginia, Roanoke Division, for a determination to be made regarding the timeliness and appropriateness of granting this request in whole or in part.