COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:    Judges Humphreys, Alston and Decker
Argued by teleconference


MICHAEL ALONZO ROBINSON, JR.

                                            OPINION BY
v.     Record No. 0097-13-2          JUDGE ROSSIE D. ALSTON, JR.
                                        SEPTEMBER 16, 2014
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Beverly W. Snukals, Judge

Jennifer M. Newman for appellant.

Susan Baumgartner, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Michael Alonzo Robinson, Jr. (appellant) appeals his convictions of one count of

first-degree murder in violation of Code § 18.2-32, one count of robbery in violation of Code

§ 18.2-58, two counts of abduction for pecuniary benefit in violation of Code § 18.2-48, and four

counts of use of a firearm in the commission of a felony in violation of Code § 18.2-53.1.  On

appeal, appellant alleges that the trial court "erred in failing to dismiss the multi-jurisdictional

grand jury indictments for murder and use of a firearm due to the violation of . . . Code

§ 19.2-215.9, which violated [appellant]'s rights to due process and to prepare his best defense."

We disagree and therefore affirm appellant's convictions.

I.  Background

The evidence established that on March 16, 2012, Jerrod Oliver was shot and killed in his

house in the City of Richmond.  Appellant, armed with a firearm, entered Oliver's house and

threatened Oliver and a friend, Chaquetta Bowles, demanding money and a gun from Oliver.  On

March 21, 2012, the Richmond Metropolitan Multi-Jurisdictional Grand Jury returned indictments

against appellant for the first-degree murder of Oliver in violation of Code § 18.2-32 and the use of

a firearm in the commission of that murder in violation of Code § 18.2-53.1. On May 3, 2012,

appellant moved to review the multi-jurisdictional grand jury evidence pursuant to Code

§ 19.2-215.9,[1] or in the alternative, to dismiss the indictments if a transcript was unavailable.

The trial court held a hearing on appellant's motion to dismiss the multi-jurisdictional

grand jury indictments on May 11, 2012. The Commonwealth proffered to the trial court that a

---

[1] Code § 19.2-215.9 states, in relevant part:

> A. A court reporter shall be provided for a multi-jurisdiction grand jury to record, manually or electronically, and transcribe all oral testimony taken before a multi-jurisdiction grand jury, but such a reporter shall not be present during any stage of its deliberations. Such transcription shall include the original or copies of all documents, reports, or other evidence presented to the multi-jurisdiction grand jury. The notes, tapes, and transcriptions of the reporter are for the use of the multi-jurisdiction grand jury, and the contents thereof shall not be used or divulged by anyone except as provided in this article.

> B. The clerk shall cause the notes, tapes, and transcriptions or other evidence to be kept safely. Upon motion to the presiding judge, special counsel shall be permitted to review any of the evidence which was presented to the multi-jurisdiction grand jury, and shall be permitted to make notes and to duplicate portions of the evidence as he deems necessary for use in a criminal investigation or proceeding. Special counsel shall maintain the secrecy of all information obtained from a review or duplication of the evidence presented to the multi-jurisdiction grand jury, except that this information may be disclosed pursuant to the provisions of subdivision 2 of [Code] § 19.2-215.1. *Upon motion to the presiding judge by a person indicted by a multi-jurisdiction grand jury, similar permission to review, note, or duplicate evidence shall be extended if it appears that the permission is consistent with the ends of justice and is necessary to reasonably inform such person of the nature of the evidence to be presented against him, or to adequately prepare his defense.*

(Emphasis added).

Code § 19.2-215.9 was amended in 2014; however the changes do not alter our analysis of the issues presented on appeal.

court reporter did not attend or record evidence presented during the proceedings before the multi-jurisdictional grand jury. The Commonwealth further represented that only Detective Goldman presented evidence at the hearing before the multi-jurisdictional grand jury and that "Detective Goldman's presentation of that evidence is not the same as a witness being called in to testify, thus not requiring a transcript." The trial court denied appellant's motion stating in part that the "remedy of dismissal of the charge is [not] part of [Virginia's] statute, and the [c]ourt would have to find some prejudice to the defense, and have to find that it was some act of the Commonwealth that was not generally by malfeasance or something." The trial court did, however, order a bill of particulars concerning the charges certified by the multi-jurisdictional grand jury against appellant.

On June 4, 2012, a City of Richmond grand jury indicted appellant on two counts of abduction for pecuniary benefit in violation of Code § 18.2-48, one count of robbery in violation of Code § 18.2-58, and three counts of use of a firearm in the commission of a felony in violation of Code § 18.2-53.1. The indictments from both grand juries were consolidated for trial and a jury trial on all of the charges was held on October 9, 2012.

At trial, Chaquetta Bowles testified that around 9:30-10:00 p.m. on March 16, 2012, Oliver brought her to his home on the south side of the City of Richmond. Bowles testified that while she was upstairs, Oliver asked her if she was hungry and offered to get her food. A few minutes later, Oliver backed into the bedroom, in which Bowles was sitting, with his hands in the air saying "don't shoot." Bowles testified that she then saw appellant holding a gun and appellant told her "bitch, drop the phone and walk over to me." Appellant then demanded money and a "chopper" from Oliver.[2] Oliver retrieved money from his closet and gave it to appellant and told him that the "chopper" was downstairs in the oven. Appellant grabbed

_____
[2] "Chopper" is slang for a big gun.

- 3 -

Bowles by the back of her hair and put the gun to her head as he walked her and Oliver downstairs where Bowles reached into the oven and handed him the "chopper."

At that point, Bowles testified that Oliver said to appellant "I can't believe you're doing this to me. I take care of you and your family." Appellant replied "I'm hurtin. I'm hurtin" and then shot Oliver twice. Appellant then turned and pointed the gun at Bowles. Oliver dove on top of appellant in an effort to shield Bowles from appellant while Bowles ran upstairs and locked herself in a closet. She then heard multiple gunshots. Bowles then heard Oliver call her name. At that point, Bowles ran downstairs and saw Oliver going out the front door. Bowles ran to a neighbor's house and yelled at them to call 911. Later that day, Bowles looked at photographs and identified appellant as the person who shot Oliver.

Officer Burdette also testified and stated that he responded to the scene and observed Oliver holding the handrails on his porch, covered in blood. Officer Burdette testified that he asked Oliver what happened and Oliver responded that "Mikey. Rock's brother [shot him and took his gun]." Officer Burdette asked Mikey's last name and Oliver responded "Robinson." Shortly thereafter, Oliver died from his gunshot wounds.

The jury subsequently found appellant guilty of all charges alleged in the indictments. The trial court sentenced appellant on January 15, 2013, and this appeal followed.

## II. Analysis

Appellant argues that Detective Goldman's statements before the multi-jurisdictional grand jury were testimonial in nature and that the Commonwealth's failure to comply with Code § 19.2-215.9 by providing a court reporter to transcribe the multi-jurisdictional grand jury proceedings violated appellant's constitutional due process rights by denying him the

- 4 -

opportunity to prepare and present his best defense.[3]  The Commonwealth concedes that the

requirements of Code § 19.2-215.9 were not met in this case.  For the following reasons, we

conclude that appellant's constitutional challenge fails.

An appellate court reviews "a circuit court's interpretation of statutes *de novo*."  Paugh v.

Henrico Area Mental Health & Developmental Servs., 286 Va. 85, 88-89, 743 S.E.2d 277, 279

(2013) (citing Jones v. Williams, 280 Va. 635, 638, 701 S.E.2d 405, 406 (2010)).

Subsection A of Code § 19.2-215.9 provides in relevant part that "A court reporter *shall*

be provided for a multi-jurisdiction grand jury to record, manually or electronically, and

transcribe all oral testimony taken before a multi-jurisdiction grand jury . . . ."  (Emphasis

added).  Subsection B then provides that:

> Upon motion to the presiding judge by a person indicted by a
> multi-jurisdiction grand jury, . . . permission to review, note, or
> duplicate evidence *shall be extended* if it appears that the
> permission is consistent with the ends of justice and is necessary to

---

[3]  Article I, Section 8 of the Constitution of Virginia provides, in part, "That in criminal prosecutions a man hath a right . . . to call for evidence in his favor."  This right is central to the proper functioning of the criminal justice system.  It is designed to ensure that the defendant in a criminal case will not be unduly shackled in his effort to develop his best defense.

Massey v. Commonwealth, 230 Va. 436, 442, 337 S.E.2d 754, 757 (1985).  In Washington v. Texas, 388 U.S. 14, 19 (1967), the United States Supreme Court discussed the importance of a defendant's right to present his version of the facts:

> The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies.  Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense.  This right is a fundamental element of due process of law.

> reasonably inform such person of the nature of the evidence to be presented against him, or to adequately prepare his defense.

(Emphasis added).

The use of the word "shall," however, does not *ipso facto* require this Court to draw the conclusion that the statute is mandatory, rather than directory. "'While violations of state procedural statutes are viewed with disfavor, . . . neither the Virginia Supreme Court nor the legislature has adopted an exclusionary rule for such violations . . . where no deprivation of the defendant's constitutional rights occurred.'" West v. Commonwealth, 16 Va. App. 679, 692, 432 S.E.2d 730, 738 (1993) (quoting Thompson v. Commonwealth, 10 Va. App. 117, 122, 390 S.E.2d 198, 201 (1990)).

For example, in Butler v. Commonwealth, 264 Va. 614, 570 S.E.2d 813 (2002), a juror became ill at the beginning of appellant's trial and appellant moved for a mistrial, which the trial court granted. Id. at 616, 570 S.E.2d at 814. As a result, the trial court had to prepare a new jury panel and provide a list of the new panel members to counsel. Id. at 616-17, 570 S.E.2d at 814-15. The trial court provided counsel a recess but denied appellant's request for a continuance based on his argument that Code § 8.01-353 required that a copy of the jury panel be made available to counsel at least forty-eight hours prior to trial and that he needed more time to prepare for the new panel.[4] Id. at 617, 570 S.E.2d at 815. The Supreme Court affirmed the trial court and held that the language in Code § 8.01-353 was directory rather than mandatory because Code § 8.01-353 did not "'manifest[] a contrary intent.'" Id. at 619, 570 S.E.2d at 816. In so holding, the Court noted that "'[a] statute directing the mode of proceeding by public officers is

---

[4] At the time that Butler was decided, Code § 8.01-353 provided in relevant part that "Upon request, the clerk . . . shall make available to all counsel of record in that case, a copy of the jury panel to be used for the trial of the case at least forty-eight hours before the trial." Butler, 264 Va. at 618, 570 S.E.2d at 815. In 2010, Code § 8.01-353 was amended and "forty-eight hours" was changed to "three full business days."

to be deemed directory, and a precise compliance is not to be deemed essential to the validity of the proceedings, unless so declared by statute.'" Id. at 619, 570 S.E.2d at 816 (quoting Nelms v. Vaughan, 84 Va. 696, 699, 5 S.E. 704, 706 (1888)). The Court observed that Code § 8.01-353 contained "no prohibitory or limiting language" nullifying the result of a trial in which counsel did not receive a copy of the jury panel list in the requisite time frame or preventing the trial court from proceeding to trial in such circumstances. Id. at 619-20, 570 S.E.2d at 816. Therefore, the Court held that "a failure to comply with those provisions [was] not a per se basis for reversing a trial court's judgment in either a civil or a criminal case." Id. at 620, 570 S.E.2d at 816.

Thus, the Court held that adherence to Code § 8.01-353 was required to the extent necessary to insure due process and "'any determination whether a [party] has suffered prejudice constituting a denial of due process must be made on a case-by-case basis.'" Id. at 620, 570 S.E.2d at 816-17 (quoting Jamborsky v. Baskins, 247 Va. 506, 511, 442 S.E.2d 636, 639 (1994)). In Butler, because appellant did not demonstrate that he suffered any prejudice that constituted a denial of due process as a result of the trial court's ruling, the Court held that the trial court did not abuse its discretion by denying appellant's motion for a continuance when the jury panel was reconstituted. Id. at 620-21, 570 S.E.2d at 817.

We conclude that the analytical construction of Code § 8.01-353 discussed in Butler, leads us to determine that the requirements set forth in Code § 19.2-215.9 for the recording of multi-jurisdictional grand jury proceedings are directory rather than mandatory. The purpose of requiring recordation of any grand jury proceedings supports this holding.

In Vihko v. Commonwealth, 10 Va. App. 498, 503, 393 S.E.2d 413, 416 (1990), this Court discussed the purpose of recording grand jury proceedings:

>While the better practice is to record all proceedings before the grand jury, other than their deliberations, the primary function of recording the proceedings is to maintain a record and transcript for the use, benefit, and convenience of the grand juries. The record is not maintained to provide those under investigation with a record to assure that all formalities attendant to the proceedings have been followed.

In <u>Vihko</u>, appellant alleged that a forensic accountant presented his report to the special grand jury without having been sworn or without the grand jury having that part of the proceedings recorded as required by Code § 19.2-212.[5] <u>Id.</u> The Court, noting that the record failed to establish that the special grand jury received and considered unsworn or unrecorded evidence from a witness, held that it "need not address whether a showing of such procedural violations would warrant review of the conviction or indictment without demonstrating prejudice." <u>Id.</u> at 503, 393 S.E.2d at 417. Thus, in the instant matter, while the statute may provide an ancillary benefit to defendants under limited circumstances, its purpose is for the benefit of the grand juries, not individual defendants.

---

[5] Code § 19.2-212 provides for the same recording, protection, and dissemination of transcripts of special grand jury proceedings as Code § 19.2-215.9 does for multi-jurisdictional grand juries. Code § 19.2-212 states in relevant part:

>A. A court reporter shall be provided for a special grand jury to record, manually or electronically, and transcribe all oral testimony taken before a special grand jury, but such reporter shall not be present during any stage of its deliberations.

>\*      \*      \*      \*      \*      \*      \*

>B. . . . Upon motion to the presiding judge by a person indicted after a special grand jury investigation, similar permission to review, note or duplicate evidence shall be extended if it appears that the permission is consistent with the ends of justice and is necessary to reasonably inform such person of the nature of the evidence to be presented against him, or to adequately prepare his defense.

This position is also supported by other Code sections within Title 19.2 and case law related to grand jury proceedings which indicate that defects in grand jury procedure are not necessarily constitutional violations.[6] Moreover, other courts have reached similar conclusions regarding procedural defects in grand jury proceedings and have declined to find such defects constitutional violations absent some showing of prejudice.[7]

Additionally, Code § 19.2-215.9, like Code § 8.01-353 analyzed in Butler, "contains no prohibitory or limiting language that prevents a trial from proceeding when circumstances necessitate [that a transcript is unavailable] . . . . Nor is there any language that renders the result of a trial in that situation invalid." 264 Va. at 619-20, 570 S.E.2d at 816. Therefore, consistent with the analytical framework advanced in Butler, we hold that a failure to record the multi-jurisdictional grand jury proceedings alone is "not a per se basis for reversing a trial court's judgment . . . ." Id. at 620, 570 S.E.2d at 816. Compliance with Code § 19.2-215.9 "is required to the extent necessary to insure due process [and] . . . 'any determination whether a [party] has suffered prejudice constituting a denial of due process must be made on a

---

[6] See Code § 19.2-226 (listing non-fatal defects in indictments); Reed v. Commonwealth, 281 Va. 471, 481, 706 S.E.2d 854, 859-60 (2011) (list of non-fatal defects in indictments in Code § 19.2-226 is not exhaustive); Livingston v. Commonwealth, 184 Va. 830, 836, 36 S.E.2d 561, 564 (1946) (indictment requirement is statutory not constitutional and as long as an indictment informs the accused of the nature and character of the crime charged against him, it is sufficient).

[7] "Failure to transcribe grand jury proceedings and provide the accused with a transcript of grand jury testimony is not a denial of due process. Nor is it an unconstitutional practice or an invasion of a constitutional right." State v. Levesque, 281 A.2d 570, 572 (Me. 1971) (citations omitted). See also Baker v. United States, 412 F.2d 1069, 1073 (5th Cir. 1969) ("There is no constitutional requirement that grand jury proceedings be transcribed."); Loux v. United States, 389 F.2d 911, 916 (9th Cir. 1968); United States v. Hensley, 374 F.2d 341, 352 (6th Cir. 1967); Schlinsky v. United States, 379 F.2d 735, 740 (1st Cir. 1967); Maestas v. United States, 341 F.2d 493, 496 (10th Cir. 1965); United States v. Cianchetti, 315 F.2d 584, 591 (2d Cir. 1963); United States v. Labate, 270 F.2d 122, 123-24 (3d Cir. 1959).

case-by-case basis.'" Id. at 620, 570 S.E.2d at 816-17 (quoting Jamborsky, 247 Va. at 511, 442 S.E.2d at 639).

While the Commonwealth conceded the procedural defect in this case, and the trial court plainly failed to comply with the recording requirements set forth in Code § 19.2-215.9, the failure to record the grand jury proceedings and provide a transcript to defense counsel did not prejudice appellant in any way that denied him due process. Appellant has not pointed to one single viable basis for suggesting a denial of due process other than arguing for a strict interpretation of the term "shall" in the statutory scheme. The Commonwealth provided appellant with a bill of particulars due to the absence of a transcript, and "'[t]he purpose of a bill of particulars is to state sufficient facts regarding the crime to inform an accused in advance of the offense for which he is to be tried. He is entitled to no more.'" Swisher v. Commonwealth, 256 Va. 471, 480, 506 S.E.2d 763, 768 (1998) (quoting Hevener v. Commonwealth, 189 Va. 802, 814, 54 S.E.2d 893, 899 (1949)). This is precisely the information appellant contends he was not privy to as a result of the failure to record the multi-jurisdictional grand jury proceedings.[8] Additionally, Detective Goldman was the only person who testified before the grand jury and he did not testify at appellant's trial. Further, the trial court entered a traditional criminal discovery order and the Commonwealth provided that discovery material to appellant. Therefore, to the extent appellant argues that he was not provided with material to assist him in setting forth his best defense, his argument is unpersuasive.

Appellant was convicted based on a wealth of evidence including eyewitness testimony from Ms. Bowles, testimony from Officer Burdette who responded to the scene and took the victim's dying declaration that "Mikey [Robinson,] Rock's brother" shot him, other witness

---

[8] We note that there is no evidence in the record that appellant objected to the sufficiency of the bill of particulars provided by the Commonwealth.

- 10 -

testimony (some family members of appellant) that appellant was the person to whom the victim referred, testimony from the crime scene technician and a firearms expert that the bullets recovered from the victim's body came from one gun, and testimony that appellant was wearing a disguise when he was arrested. Appellant was clearly provided the "right to confront the prosecution's witnesses for the purpose of challenging their testimony, [and] the right to present his own witnesses to establish a defense." Washington v. Texas, 388 U.S. 14, 19 (1967).

For these reasons, we hold that Code § 19.2-215.9 is directory, not mandatory, and that appellant was not prejudiced by the trial court's failure to comply with the requirements set forth in Code § 19.2-215.9 and, thus, his constitutional right to due process was not violated.

Affirmed.