# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Commonwealth of Virginia

v.

Andre Alexander Williams

July 19, 2005

Case No. 05-80

BY JUDGE EDWARD L. HOGSHIRE

In this criminal action, Andre Alexander Williams has filed a motion to suppress evidence obtained against him. A hearing was held on the motion on June 7, 2005, and briefs were subsequently submitted to the Court. For the reasons set forth below, the Court overrules Defendant's motion.

### Statement of Facts

On December 5, 2004, Officer Wayne Bettinger of the Charlottesville Police Department was on patrol in the West Main Street area of the city. (Suppression Hearing Transcript [hereinafter Tr.], at 3.) Officer Bettinger testified that, as he drove down the 800 block of West Main, he passed Defendant driving a Mitsubishi four-door car. (Tr., at 4, 8-9.) Bettinger explained that he made a U-turn to begin heading eastbound, which positioned him behind the Mitsubishi. (Tr., at 8-9.) He paced the vehicle from the 900 block of West Main to the 400 block of West Main and determined that the car was going 42 miles per hour in the 25 miles per hour zone. (Tr., at 4.) Bettinger activated his emergency

lights, stopped the car in front of the Omni hotel on Ridge-McIntire, and approached the driver in order to obtain his license and registration. (Tr., at 5-6.) A status check conducted through dispatch revealed that Defendant's driver's license was suspended due to two prior convictions of driving while suspended. (Tr., at 6.) Bettinger testified that, upon receiving this information, he asked Defendant to get out of the car and placed him under arrest. (Tr., at 7.)

Upon the arrest, Officer Bettinger conducted a search of Defendant's person in order to check for weapons, read him his *Miranda* rights, and placed him inside the patrol car. (Tr., at 11, 13.) He explained that, in such situations, when a suspect has been taken into custody, departmental policy places within the officer's discretion whether to tow the abandoned vehicle or to allow the suspect to call someone to retrieve the car from the site of the traffic stop. (Tr., at 13-14.) Despite this discretionary grant, however, Bettinger noted that, when an individual is facing a second or third charge for driving on a suspended license, he chooses to tow the vehicle "99.9% of the time." (Tr., at 17.) In this case, Bettinger ultimately testified (after some degree of confusion in establishing the chronology of his decision-making process) that he decided to have the car towed once he found out about Defendant's two prior convictions, because he viewed them as indications that the Defendant had "a disregard for the laws." (Tr., at 18-19, 24.) Officer Bettinger also stated that, when such vehicles are awaiting the tow truck, the standard departmental procedure is for the officer to carry out an inventory search at the scene, before the car is taken away. (Tr., at 14, 23-24.) Bettinger testified that, in this situation, he first conducted a search of the car incident to arrest in order to check for contraband within Defendant's "wing span." (Tr., at 13-14.) In the course of this preliminary search, he discovered a blue Wal-Mart plastic bag with suspicious contents, which in turn led him to extend the search to include the entire vehicle. (Tr., at 13, 16.) It remains unclear from Bettinger's testimony exactly what type of search he meant to execute in inspecting the remainder of the car. At one point he described it as an "inventory search," (Tr., at 15), and later as a "search for further narcotics." (Tr., at 16.)

The fruits of the search ultimately led to prosecution of the Defendant, who currently claims that the search was conducted in violation of his statutory and constitutional rights and asks the Court to suppress the evidence thereby obtained.

1. Whether the officer's action of effecting a custodial arrest rather than merely issuing a summons was in violation of Va. Code § 19.2-74(A)(1).

2. Whether the search conducted pursuant to the arrest violated the Fourth Amendment.

*Analysis*

Va. Code § 19.2-74, which essentially requires a law enforcement officer to issue a summons rather than make a full custodial arrest for certain misdemeanor offenses, reads in relevant part:

> Whenever any person is detained by or is in the custody of an arresting officer for any violation committed in such officer's presence which offense is a violation of any county, city, or town ordinance or of any provision of this Code punishable as a Class 1 or Class 2 misdemeanor or any other misdemeanor for which he may receive a jail sentence, except as otherwise provided in Title 46.2, or § 18.2-266, or an arrest on a warrant charging an offense for which a summons may be issued, and when specifically authorized by the judicial officer issuing the warrant, the arresting officer shall take the name and address of such person and issue a summons or otherwise notify him in writing to appear at a time and place to be specified in such summons or notice. Upon the giving by such person of his written promise to appear at such time and place, the officer shall forthwith release him from custody. However, if any such person shall fail or refuse to discontinue the unlawful act, the officer may proceed according to the provisions of § 19.2-82.

> Anything in this section to the contrary notwithstanding, if any person is believed by the arresting officer to be likely to disregard a summons issued under the provisions of this subsection, or if any person is reasonably believed by the arresting officer to be likely to cause harm to himself or to any other person, a magistrate or other issuing authority having jurisdiction shall proceed according to the provisions of § 19.2-82.

Va. Code § 19.2-74(A)(1). Accordingly, under the statute, an arrest for a covered misdemeanor would be permissible in the following instances: (1) the suspect's offense either violated Code § 18.2-266 or a specifically exempted offense under Title 46.2; (2) the suspect did not cease the unlawful act; (3) the officer believed that the suspect would be likely to disregard the summons; or (4) the officer reasonably believed that the suspect was likely to harm himself or others. *See Moore v. Commonwealth,* 45 Va. App. 146, 151-52 (2005), rehearing *en banc* granted. Defendant's initial alleged offense, a third violation of Va. Code § 46.2-301, driving with a suspended license, constitutes a Class 1 misdemeanor and is punishable by a minimum, mandatory term of confinement in jail for ten days without suspension. Va. Code § 46.2-301(C). The provisions of § 19.2-74(A)(1) therefore govern the case.

The Commonwealth argues that Defendant's arrest was legal under the statute because Officer Bettinger had reason to believe that Defendant would continue to disobey the law by driving while suspended; therefore, either an inventory search or a search incident to arrest of his vehicle was valid and did not amount to a Fourth Amendment violation. Defendant, on the other hand, maintains that Officer Bettinger had authority only to issue a summons, that the arrest was therefore rendered illegal, and that a search conducted pursuant to an illegal arrest is unconstitutional and requires invocation of the exclusionary rule.

The Virginia courts have considered the second and third discretionary exceptions to the provisions of Va. Code § 19.2-74(A)(1), listed above, on several occasions. In *Moore,* which also dealt with the custodial arrest of an individual for driving on a suspended license, the court of appeals discussed the appropriate standard for determining applicability of the second exception, *i.e.,* failure to cease the unlawful act. 45 Va. App. 146. In that case, where the defendant had neither been speeding, nor had a prior history of driving on suspended, the court found that he had not failed to discontinue the illegal activity merely because, as the Commonwealth argued, a threatening dog was in the car with him and no one else was available to remove the car from the scene. *Id.* at 157-59. *See also Lovelace v. Commonwealth,* 258 Va. 588, 596 (1999) (finding that the second discretionary exception did not apply where there was no indication that the defendant had refused to discontinue the Class 4 misdemeanor of drinking an alcoholic beverage in public); *Smith v. Commonwealth,* 30 Va. App. 737 (1999).

The third exception, requiring a reasonable belief on the part of the officer that the individual is likely to disregard a summons, was considered

in *Ross v. Commonwealth*, 2004 Va. App. 637, where the Court of Appeals upheld the legality of a custodial arrest for trespassing. In that case, the defendant had previously been arrested for trespassing at the same housing complex (where an abundance of "No Trespassing" signs were posted), had been warned by both the judge and the police officer to stay away from that property in the future, and struggled to break away from the officer at the scene. *Id.* at 2. The court stated that "[g]iven these circumstances, Officer Davis had ample reason to believe Ross would disregard a mere summons – just as he had a direct order from Judge Cheek, a separate order from Davis, and any number of 'No Trespassing' signs – and be back on the property soon after Officer Davis' departure." *Id.* at 5. *See also Fox v. Commonwealth*, 43 Va. App. 446, 451 (2004) ("[T]he defendant took flight immediately and [this] would indicate his unwillingness to acquiesce in any proceeding by fleeing at this time. So the officer could reasonably believe that he would not show up for court because of that."). The courts have made it clear that, in evaluating whether or not the officer actually had a reasonable belief that the suspect would be likely to disregard the summons, a trial court must use a standard of objective reasonableness, "limiting [the] inquiry to the question 'whether evidence supports a reasonable belief that the statutory circumstances obtain'." *Id.* at 450, *quoted in Ross*, 2004 Va. App. 637 at 5.

In the case at bar, Defendant was pulled over for greatly exceeding the speed limit. When Officer Bettinger conducted a status check, he learned not only that Defendant was driving on a suspended license, but also that he had been twice convicted *for the very same offense*. As was the case in *Ross*, Defendant demonstrated clear contempt for previous admonitions of the court. The totality of the circumstances show that Defendant had repeatedly refused to cease this unlawful activity despite numerous past prohibitions and supported an objectively reasonable belief that he would be likely to disregard a summons by continuing to drive or failing to appear in court. This conclusion is bolstered by the fact that, unlike the previous driving-on-suspended convictions, he would be *required* to serve jail time in this instance. *See* Va. Code § 46.2-301(C). Accordingly, Officer Bettinger appropriately exercised his statutory discretion and the arrest was not illegal under Code § 19.2-74(A)(1).[1]

---

[1] Even if the arrest were a violation of the statute, it does not follow that the evidence was collected unconstitutionally and must be suppressed at trial. *See Penn v. Commonwealth*, 13 Va. App. 399 (1991) (holding that although defendant's arrest violated Virginia statute, the officer had probable cause to believe that he committed an offense, satisfying the

Because the arrest was legal, the subsequent search of the passenger compartment of the vehicle was constitutional and does not require suppression of the evidence thereby obtained. When a police officer executes a lawful custodial arrest, the Fourth Amendment permits a search of the immediately surrounding area in order to remove weapons and prevent the destruction of evidence. *Chimel v. California*, 395 U.S. 752, 763 (1969). In conjunction with this constitutional exception, the U.S. Supreme Court has established the bright line rule that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." *New York v. Belton*, 453 U.S. 454, 460 (1981) ("It follows from this conclusion that the police may also examine the contents of any [open or closed] containers found within the passenger compartment, for, if the passenger compartment is within reach of the arrestee, so also will containers within it be within his reach."). *See also Glasco v. Commonwealth*, 257 Va. 433 (1999). In this case, Officer Bettinger conducted a search of the passenger compartment of Defendant's car incident to a lawful custodial arrest. Therefore, no Fourth Amendment violation has occurred and the evidence is admissible at trial.

In accordance with the foregoing analysis, the Court denies Defendant's motion to suppress.

---

constitutional standard and making the evidence obtained admissible); *Thompson v. Commonwealth*, 10 Va. App. 117, 122 (1990); *Atwater v. Lago Vista*, 532 U.S. 318, 355 (2001) (holding that, if an officer has probable cause to believe that a suspect has committed even a minor criminal offense in his presence, he may arrest the individual consistently with the Fourth Amendment).